# FRANK HALSTEAD *v.* J. W. PRATT, Tax Assessor.

## ORIGINAL.

SUBMITTED JANUARY 8, 1902.    DECIDED FEBRUARY 15, 1902.

### FREAR, C.J., GALBRAITH AND PERRY, JJ.

The exemption in the income tax law (Laws of 1901, Act 20, §4) of "inheritances otherwise taxed as such" applies only to inheritances otherwise taxed as such under the territorial laws and not to those so taxed under the federal laws.

An inheritance of personal property is "acquired" within the meaning of §3 of the income tax law when it is received or at least when it is receivable and not immediately upon the death of the decedent.

The income tax should be assessed on the balance only of the inheritance after deducting the federal succession tax if the latter has been paid.

### OPINION OF THE COURT BY FREAR, C.J.

(Galbraith, J., dissenting.)

This is a submission on agreed facts. Robert Halstead died June 14, 1900. On June 1, 1901, his son, the plaintiff, received $20,691.17 as his distributive share of the estate. The administrator had previously (May 23, 1901) paid the federal succession tax of $155.10 on this share under Section 29 of the Act of June 13, 1898, 30 Sts. at L. 464. This share was not taxable under the territorial succession tax law, Civ. L. Sec. 910. The question is whether or not it is taxable as part of the plaintiff's

income for the year ending June 30, 1901, under the territorial income tax law, Act 20, Laws of 1901.

It is contended first that this inheritance is expressly excepted from the operation of the Act by the last proviso in Section 4, "that in assessing the income of any person or corporation there shall not be included   *   *   *   any bequest or inheritance otherwise taxed as such." As shown above, this inheritance is not otherwise taxable as such under the territorial laws, and although, as also shown above, it was otherwise taxed as such under the federal laws, the legislature evidently did not intend to except inheritances taxed under those laws. It seems to be conceded that the exception in the statute would not be applicable if the country in which the inheritance was otherwise taxed were a foreign country, or even if the statute were a state law as distinguished from a territorial law and the law under which the inheritance was otherwise taxed were a federal law, and yet the language of the statute if taken literally would apply in such cases as well as in the present case. The fact that the relation of a territory differs in some respects from that of a state to the federal government forms no basis for a distinction in respect to the question now under consideration. So far as the federal government is concerned, the territorial legislature could have legislated either way upon this question as fully as a state legislature could, and both state and territorial legislatures are equally bound by the federal inheritance tax law and equally presumed to know what that law is. The question is not what the legislature could do, but what it did do—a question of construction and not of power. The general rule is that a statute should be construed with reference to the system of laws of which it is a part, unless a contrary intention clearly appears. If this were not so, statutes would often have to be given absurd constructions, for they often do not contain express provisions as to the extent of their operation in this respect. The intention of the legislature in this instance was to provide revenue for the government of the territory irrespective of what taxes were paid to other governments. This intention would limit the rea-

son for the exemption to inheritances otherwise taxed by the territorial government.

It is contended secondly that, even if the case does not come within the exception, still it does not come within the main provisions of the statute, for the reason that the inheritance was acquired, not when it was actually received, but when the intestate died, which was before the beginning of the year for which the tax was levied. Section 1 provides that, "From and after the first of July, A. D. 1901, there shall be levied, assessed, collected and paid annually upon the gains, profits and income, over and above one thousand dollars, derived  *  *  *  from all property owned, and every business, trade, profession, employment or vocation carried on in the Territory  *  *  * a tax of two per cent. on the amount so derived during the year preceding." Section 2 provides that, "In estimating the gains, profits and income,  *  *  *  there shall be included  *  *  *  money and the value of all personal property acquired by gift or inheritance  *  *  *  ." The question is whether an inheritance from one who died before the year began but actually received during the year was "acquired" during the year within the meaning of the statute. It is contended that the legal title passed upon the death of the intestate and that therefore that should be regarded as the date upon which the inheritance was acquired, as has been held under some succession tax laws. Succession tax laws are variously worded. It is within the power of the legislature to provide either that the tax shall be assessed as of the date of the decedent's death or that it shall be assessed as of the time when it is received. Some succession tax laws are drawn one way, some the other way. It is merely a question of the intention of the legislature. The question here is not how this or that succession tax law has been construed, but how this income tax law should be construed. It would seem more natural and just to assess inheritances as income when actually received or at least when payable than when only the legal title passes and when it remains a matter of doubt whether any, or how much, will ever be received. In some cases

this could not be known until the amount of outstanding debts or the validity of outstanding claims is ascertained. The title to the inheritance passes subject to these. The income tax statute as a whole would seem to favor this construction. Foster & Abbot, Income Tax Law of 1894, commenting on a clause in the same language as the one now under consideration, say that "it may well be argued that personal property is not 'acquired' until it is received."

It may be noticed that the only income covered by Section 1 is that derived from property and business, &c., and that since an inheritance is not derived from either of those sources, it is not covered at all by Section 1. But we presume that, construing all parts of the Act together, Section 3 may be regarded as enlarging Section 1 so as to include inheritances.

It is conceded that the amount of the succession tax paid to the federal government should first be deducted and the tax in question be levied on the balance only. *Hooper v. Shaw*, 57 N. E. (Mass.) 361.

In our opinion the distributive share in question, less the amount of the federal succession tax, is subject to taxation under the income tax law. Judgment accordingly.

*Hatch & Silliman* and *B. L. Marx* for plaintiff.

*Robertson & Wilder* for defendant.

### DISSENTING OPINION OF GALBRAITH, J.

Everybody is presumed to know the law, including the members of the legislature of the Territory of Hawaii. The latter are presumed to legislate in the light of this knowledge. "Laws are presumed to be passed with deliberation, and with a knowledge of all existing laws on the same subject." (Southerland on Statutory Construction, §137.) The statute under consideration exempts from taxation "any bequest or inheritance otherwise taxed as such." The statement of facts admits that the bequest to the plaintiff was "otherwise taxed as such," under the *War Revenue Statute*, approved June 13, 1898, and in force

and effect in this territory at the time Act 20, Session Laws of 1901, was enacted.

It is stated that the "legislature did not intend to except inheritances taxed under" this federal statute. What the evidence is or where it appears that shows such an intent on the part of the legislature I have been unable to find. It certainly does not appear from the language used by the legislature. The well settled rule of statutory interpretation is stated thus: "The primary and general rule of statutory construction is that the intent of the lawmaker is to be found in the language that he has used. He is presumed to know the meaning of words and the rules of grammar. The courts have no functions of legislation, and simply seek to ascertain the will of the legislator." (*U. S. v. Goldenberg*, 158 U. S. 102-3.)

. The contention that the exemption would not apply to a tax collected under the law of a state or foreign government can have no application to the issue for the reason that the legislation of a state or foreign government as a general rule can have no extra territorial jurisdiction. The legislators of the Territory of Hawaii can only be expected to have in mind and to take regard of laws in force in this territory. That is the extent of their legislative jurisdiction. The Congress of the United States that enacted the law under which plaintiff's inheritance was "otherwise taxed" is the legislative branch of the government in which the sovereignty of the Territory of Hawaii is vested and it has paramount legislative jurisdiction over this Territory, so much so that it might even repeal or abrogate any law passed by the territorial legislature. The law of Congress taxing inheritances was in force in the Territory of Hawaii at the time Act 20 was passed. The fact that the tax collected thereunder goes into the federal treasury does not affect the issue. The legislature may have had in mind the fact that the Territory of Hawaii occupied a different relation to the Federal Government than any of the states of the Union in this that in the states the salaries of all the officials except the officers of the United States are paid from the state treasury while here the salary of the Governor and

his secretary, the Secretary of the Territory, the Judges of the Supreme and Circuit Courts are all paid from the federal treasury. The legislature must have known this fact. We cannot say that the legislature did not know of this federal law taxing inheritances and for that reason did not in terms exclude from the exemption inheritances taxed under it. It must be held to have intended what the plain words of the statute indicate. The language used is simple, plain and unambiguous. There is no occasion for interpretation or searching for a hidden and unexpressed meaning under the plain terms used. The plaintiff is within the plain letter of the exemption and I cannot find any satisfactory evidence warranting the conclusion that the legislature intended that he should be deprived of its benefit.