*E. A. Douthitt* for plaintiffs.

*C. W. Ashford* for defendants.

---

JAMES L. HOLT, ASSESSOR AND COLLECTOR OF TAXES, *v.* WILLIAM SAVIDGE, TRUSTEE OF M. A. BARETE ESTATE.

APPEAL FROM DISTRICT MAGISTRATE, HONOLULU.

ARGUED OCTOBER 18, 1905.      DECIDED OCTOBER 23, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

PRACTICE—*appeal from District Magistrate on points of law.*

    On an appeal on points of law from a judgment of a District Magistrate the judgment stands or falls on the evidence which was before him, there being no suggestion of diminution of the record.

TAXES—*assessment to "estate of M. A. B."*

    An assessment of taxes to the "estate of M. A. B." is not authorized by statute.

This is an appeal from a judgment for the plaintiff in the sum of $919.85 and costs in an action "for taxes assessed against the person and property of said defendant on the books of the assessor and collector of taxes for the District of Honolulu, first taxation district, for the years 1901, 1902, 1903 and 1904," the plaintiff asking judgment therefor "with ten per cent. penalty and addition thereto and interest thereon and advertising costs as by law provided and for costs herein incurred." The defendant appealed to this court on the following grounds:

"That the property was assessed to 'Estate M. A. Barete;' that the assessment was illegal on the ground that the taxes were assessed to the Estate, and that it does not show that the property was assessed to any particular party whose duty it was to pay the taxes; and that there was no proper designation of the proper owner or owners of the property."

"That the property was not assessed according to Section 1217 of the Revised Laws or other Laws of the Territory."

"That Maria Barete was the duly appointed Trustee of the Estate at the time the assessments were made, and that the assessments ought to have been made in her name as Trustee of said Estate."

We infer that the paper filed in the case which purports to be a copy of the record of the evidence before the magistrate correctly states the evidence although no certificate that it is a true copy appears. As shown in that paper, the only evidence for the plaintiff was that "In 1901-2-3-4 $919.85. Returns made for 1901-2-3. No returns made in 1904. Assessment made Estate of M. A. Barete."

It further appears from the same paper "Plff. admits that Wm. Savidge was appointed Trustee August 30, 1905, as appears by Equity Record. Record of appointment of P. D. Kellett, Jr., Dec. 17, 1900, upon the verbal application of Maria Barete, widow of M. A. Barete, Deceased. In Probate at Chambers. Offered in Evidence." The defendant does not appear to have made the defense now presented or to have

obtained any ruling of the magistrate on this matter. At the argument on appeal the plaintiff claimed that the magistrate's record is so meager that reference may now be made to the assessment book which shows that "the property was assessed to P. D. Kellett, Jr., trustee of the Barete Estate or to the Barete estate by P. D. Kellett, Jr., Trustee" and that the statute was thus "fully and fairly complied with."

The defendant correctly insists that the judgment must stand or fall on the evidence which did not include the assessment book but showed that the assessment was made "to the estate." We take the record which is before us, there being no suggestion of its diminution.

An assessment "to the estate of M. A. Barete" is not authorized by statute although we do not sustain the defendant's claim that by Sec. 1217, R. L., the interest of each legatee or heir of the estate must be assessed separately. The defendant is right in his claim that the assessment ought to be made to someone "whose duty it was to pay the taxes." *Wood v. Torrey,* 97 Mass. 34. *Fairfield v. Woodman,* 76 Mo. 549. Whether the trustee was, as claimed by the defendant, illegally appointed, or not, or whether that is material, we need not say.

The judgment appealed from is vacated and the case remanded to the District Magistrate for such further proceedings as may be proper.

*M. F. Prosser,* Dep. Atty. General, for plaintiff.

*W. C. Achi* for defendant.