CARLOS A. LONG, ADMINISTRATOR-DE-BONIS-NON-WITH-THE-WILL-ANNEXED OF THE ESTATE OF ROBERT WILLIAM HOLT, DECEASED, v. R. WILLIAM HOLT, GEORGE H. HOLT, EDWARD S. HOLT, CHRISTOPHER J. HOLT, ELIZABETH K. RICHARDSON, HELEN A. HOLT, AND HELEN A. HOLT, AS GUARDIAN OF THE ESTATES OF VALENTINE O. HOLT, WATTIE E. HOLT, AMELIA A. HOLT, HELENE A. HOLT, AND IRENE HOLT, MINORS, FREDERICK E. STEERE, MAKAHA COFFEE COMPANY, LIMITED, A CORPORATION, HAWAIIAN REALTY & MATURITY COMPANY, LIMITED, A CORPORATION, GEORGE LUCAS, TRUSTEE, D. H. LEWIS, AND HELEN A. HOLT, AS ADMINISTRATRIX OF THE ESTATE OF JAMES R. HOLT, JR., DECEASED.

APPEAL FROM DISTRICT COURT, EWA.

SUBMITTED NOVEMBER 20, 1905. DECIDED DECEMBER 7, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

TAXES—*illegal assessment.*

An assessment of taxes to an "estate" is not authorized. *Holt v. Savidge*, 17 Haw. 84.

LEASE—*forfeiture.*

A lease in which the lessee covenanted to pay the taxes cannot be forfeited for the nonpayment of the taxes by the assignees of the lessee where there is no legal assessment.

OPINION OF THE COURT BY WILDER, J.

This is a summary possession action brought by plaintiff in the district court of Ewa, Oahu, to forfeit a lease held by defendants of certain lands in Waianae and to recover possession of said lands, the ground of forfeiture being a breach of covenant to pay the taxes on the land. The lease was made on November 22, 1862, by W. A. Aldrich, executor of the last will and testament of R. W. Holt, deceased, to John Dominis Holt, for the period of the natural life of the lessee. The defendants are the present holders of the lease, some of them being subtenants under the others. The lease provides that the lessee, his administrators and assigns, "shall and will at their own proper costs and charges bear and pay and discharge all such taxes, duties and assessments whatsoever as shall or may during the said term granted be charged or assessed or imposed on the said demised premises." The plaintiff alleges a wilful failure, neglect and refusal on the part of all of the defendants to pay the taxes assessed upon the demised premises for the years 1900 to 1903 inclusive. The evidence showed that the taxes for each one of the years in question were assessed to "Est. Holt, R. W." Judgment was rendered in favor of defendants on the ground that no taxes had been legally levied or assessed upon the lands. Plaintiff appealed to this court on the point of law that the district court erred in deciding that the taxes assessed upon the premises were not legally assessed and in deciding that the non-payment of said taxes by defendants did not constitute a cause of forfeiture for the lease in question.

The assessments in question were void. It was held in the case of *Holt v. Savidge,* 17 Haw, 84, that "an assessment of taxes to the estate of M. A. Barete is not authorized by statute * * * The defendant is right in his claim that the assessment ought to be made to some one whose duty it was to pay the taxes."

The assessments being void and illegal, no one was under liability to pay them. Under this lease all that the lessee cov-

enanted was to pay the taxes that shall be assessed upon the premises, which means such taxes as were legally assessed. See *Scott v. Society,* 81 N. W. (Neb.) 624. The lessor is not prejudiced by an invalid assessment nor by the nonpayment by the lessee of taxes which are not legally assessed.

*Cornwell v. Colburn,* 15 Haw. 632, is relied on by plaintiff, but that case is not in point, as the validity of the assessment was not questioned there.

The judgment appealed from is affirmed.