## JAMES L. HOLT, ASSESSOR AND COLLECTOR OF TAXES, FIRST DIVISION, *v.* EDGAR WOOD.

RESERVED QUESTION FROM FIRST CIRCUIT COURT.

ARGUED OCTOBER 11, 1907.    DECIDED NOVEMBER 16, 1907.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

TAXATION—*exemption.*

> A lessor's interest in land in actual use by the lessee for the production of pineapples is not exempt from taxation under R. L., Sec. 1223.

### OPINION OF THE COURT BY WILDER, J.

This is a reserved question from the first circuit court to determine whether under Sec. 1223 of the Revised Laws defendant's interest as lessor in a piece of land is exempt from taxation when the land is in actual use by the lessee for the production of pineapples.

This section as originally passed was Act 35 of the Session Laws of 1903, being entitled "An Act to encourage diversified industries," and reading as follows:

"For the next five years all property, real and personal, actually in use for the production of * * * pineapples * * * shall be exempt from taxation of any kind."

The proposition that exemptions from taxation are strictly construed, in other words, that taxation is the rule and exemption the exception, is well settled. *Bishop v. Gulick,* 7 Haw. 627, 630; *O. R. & L. Co. v. Shaw,* 12 Haw. 76. As the United States supreme court puts it, "a doubt is fatal to the claim" of exemption. *Theological Seminary v. Illinois,* 188 U. S. 662, 672. The question here is not what the legislature could do but what it did do—that is, it is a question of construction.

This statute should be construed in connection with the system of tax laws in existence at the time of its passage. In *Halstead v. Pratt,* 14 Haw. 38, 39, it is said that "The general rule is that a statute should be construed with reference to the system of laws of which it is a part unless a contrary intention clearly appears. If this were not so, statutes would often have to be given absurd constructions, for they often do not contain express provisions as to the extent of their operation in this respect."

The general system of taxation then in existence is set out in chapter 98 of the Revised Laws. A specific amount is payable by certain male inhabitants known as poll, school and road taxes. Carriages, bicycles and dogs are taxed a certain amount which is payable by the owners thereof. Sec. 1212 R. L. reads that, "Except as otherwise provided all real property and all personal property within the Territory shall be subject to an annual tax of one per cent. upon the full cash value of the same." The meanings of real property and of personal property for purposes of taxation are set out. Under Sec. 1216 R. L. it is provided that "All real and personal property and the interest of any person in any real or personal property shall be assessed separately as to each item thereof for its full cash value," and in Sec. 1217 R. L. that "The interest of every person in any property shall be separately assessed * * * and every person shall be liable to taxation in respect of the full value of his interest in such property." Certain exemptions as to property and persons are allowed. Individuals, corporations and companies are required to make returns of property owned by them or in their possession and assessments are made to or against them for their interests in property, and in the case of persons unknown or nonresident they are assessed as such. There are provisions for appeals from assessments and for the collection of taxes. The system as a whole in theory and in practice, so far as real property is concerned, is to tax persons for their interests in such property. It is very common to

speak of assessing and taxing property, but under our system such an expression is not exact.    For instance, in *Holt v. Savidge,* 17 Haw. 84, and in *Long v. Holt,* 17 Haw. 198, this court held that the assessment should be made to some one "whose duty it was to pay the taxes."

To hold that this 1903 statute exempted a lessor from taxation on his interest in land used by the lessee for the production of pineapples would be an implied repeal of the then existing laws as to assessing and taxing the separate interests of persons in such property, which under Sec. 21 R. L. only follows "when the new law contains provisions contrary to, or irreconcilable with, those of the former law."

There is no doubt but that one of the purposes of the exemption was to stimulate, encourage and promote the production of pineapples.    The actual user of property for that purpose is directly benefited by having no taxes to pay on his interest therein.    That the production of pineapples is not directly encouraged by exempting a lessor from paying taxes on his interest in land so used, who, from all that appears, gets as much rent as if the property was used for some other purpose, is substantially the line of reasoning in *State v. Macgurn,* 187 Mo. 239, holding that a lessor's interest in land leased to the public for school purposes is not exempt although the constitution exempted lots used exclusively for schools.    See also *County of Hennepin v. Bell,* 43 Minn. 344, and *Traveler's Insurance Co. v. Kent,* 50 N. E. (Ind.) 562, to the same effect.    But it is suggested that the production of pineapples would be encouraged indirectly by exempting the lessor of land used for that purpose because the lessee in any event either by a covenant in the lease or by having to pay a higher rental would have to pay the taxes assessed to the lessor, and probably that is so, although it does not so appear in this case.

But, after all, the question is whether this defendant has brought himself within the terms of the exemption claimed, that is, whether his interest is "actually in use" for the production of pineapples.    That the defendant as lessor has an interest

in the land which is distinct from the interest of the lessee is unquestioned. Is there any interest in the land except the lessee's which is actually used for the production of pineapples? The lessor is not concerned in the use of the land or in the production of pineapples, and it is immaterial to him what use is made of the land. The use of the land by the lessee for certain purposes does not make the lessor's interest used for the same purposes. We think that the lessor's interest is not exempted by the statute. In *State v. Board of Assessors,* 46 La. An. 859, 15 So. 384, it was held that the lessor's interest in property which was leased and used by the lessee for manufacturing purposes was not exempt under the constitutional provision of Louisiana that "The capital, machinery and other property employed in the manufacture of * * * machinery shall be exempt * *. * from taxation."

The answer to the reserved question is that the defendant is liable for taxes on his interest in the land.

*C. R. Hemenway,* Attorney General, for plaintiff.

*L. J. Warren,* (*Smith & Lewis* on the brief with him,) for defendant.