CHARLES T. WILDER, ASSESSOR OF TAXES, *v.* HAWAIIAN TRUST COMPANY, LIMITED, TRUSTEE OF THE ESTATE OF GEORGE GALBRAITH, DECEASED.

SUBMISSION ON AGREED FACTS.

SUBMITTED JULY 14, 1911.                    DECIDED JULY 17, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TAXATION—*income tax—annuity from property held in trust.*

Under chapter 99, R. L., the income tax on an annuity paid out of income derived from property held in trust is assessable against the annuitant, and not the trustee.

ID.—*income tax on accumulations.*

Surplus income arising from property held in trust and accumulating in the hands of the trustee pursuant to the terms of a will is not taxable under said chapter prior to the arrival of the time for its distribution.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a submission upon the following agreed statement:

"George Galbraith, a resident of Honolulu, died on November 5, 1904, leaving a will, a copy of which is hereto attached and made a part hereof, which was duly admitted to probate in the Circuit Court of the First Circuit, Territory of Hawaii. By the provisions of said will the residue of the estate after the payment of certain bequests, was transferred to the Hawaiian Trust Company, Limited, an Hawaiian corporation, in trust

to pay from the income of the trust fund annuities to certain designated persons during their lives and upon the deaths of such annuitants to their respective heirs, the annuities to cease twenty-one years after the death of the last surviving specifically named annuitant, and upon the happening of that event the entire trust fund to be divided among the persons entitled at the time to the annuities. The surplus income after the payment of expenses and of the annuities was to be accumulated and distributed as part of the trust fund at the termination of the trust, as was decided in *Fitchie* v. *Brown,* 18 Haw. Rep. 52, the decision of the court in which case is hereby specifically referred to and made a part hereof.

"In the year 1910 the gross income received by the said Hawaiian Trust Company, Limited, which was and is the duly qualified and acting trustee under said will, as said trustee from the Estate was $19,816.00. The expenses of management incurred in the earning of the gross income amounted to $8,977.50, leaving a net income of $10,838.50, from which there was paid to the various annuitants the sum of $7,950.69, leaving a balance of surplus income amounting to $2,887.81.

"The questions in dispute arising from the foregoing facts and submitted to this court for determination are as follows:

"Under the income tax law of the Territory of Hawaii, Sections 1278 and 1289, inclusive, of the Revised Laws, as amended by Act 87, Session Laws of 1905, and Acts 33, 64 and 66, Session Laws of 1909: (1) Is the trustee required to make return of and be taxed on the net income received by it from the Estate in excess of the expenses of management, or (2) May the trustee in addition to the expenses of management deduct (a) the amount paid to the annuitants (b) one or more deductions of $1500, or (3) Is the surplus income after the payment of the expenses of management and of the annuities exempt so that the trustee need pay no income tax thereon? (4) Is the tax as to the amounts of income paid by the trustee to the annuitants assessable against them individually or against the trustee?"

The validity of the will of George Galbraith was attacked, but sustained in *Fitchie* v. *Brown,* 18 Haw. 52, the decree having been affirmed in 211 U. S. 321. By the will certain property was placed in the hands of the Hawaiian Trust Com-

pany, Limited, as trustee "to devote sufficient of the annual income derived from the same toward paying" certain annuities. It appears from the statement of facts that the estate is producing more than enough income to pay the annuities and that a surplus is accumulating. In *Fitchie* v. *Brown* it was held that such accumulated surplus is not to be divided or paid out by the trustee until, when, at the termination of the trust, the corpus of the estate will be distributed. As by the terms of the will, the distribution is to be made between the heirs of persons now living, the persons who will then take are at present unknown. Out of the facts shown a controversy has arisen between the tax assessor and the trustee which involves the construction and application of certain provisions of the income tax law of this Territory.

Section 1278 of the Revised Laws, as amended, levies an annual tax of two per cent upon the income, over and above fifteen hundred dollars, derived by every person residing either within or without the Territory from all property owned and every business, trade, profession, employment or vocation carried on in the Territory. Under section 1280, as amended, such income shall include "money and the value of all personal property acquired by gift or inheritance." Section 1283 makes it the duty of all persons of lawful age having an income of one thousand dollars or more, from all sources, to render an annual return to the assessor of the amount of their respective incomes, and provides that "all guardians, trustees, executors, administrators, agents, receivers, and all corporations or persons acting in a fiduciary capacity, shall make or render a list or return as aforesaid to the assessor of the division in which such person or corporation, acting in a fiduciary capacity, resides or does business of the amount of income, gains and profits of any minor or person for whom they act." Section 1287 contains the provision that "all the powers, authorities, and duties contained or enacted by said chapter (Chap. 98, R L., relating to personal and property taxes) for levying, assessing, collect-

ing, receiving and enforcing payments of the tax imposed under the authority of said chapter and otherwise relating thereto shall be severally and respectively conferred, practiced and exercised for levying, assessing, collecting and receiving and enforcing payment of the tax imposed under the authority of this chapter, as far as the same shall not be superseded by, and shall be consistent with the express provisions of this chapter, as fully and effectually to all intents and purposes as if the same powers and authorities were repeated and re-enacted in the body of this chapter with reference to said tax."

On behalf of the assessor it is contended that the last quoted section has the effect of making a part of the income tax law the following provision contained in the personal and property tax law: "Every trustee, treasurer, executor, administrator or guardian shall make returns for taxation, and be assessed separately in respect of each property or trust which he represents, and shall be chargeable with the tax payable in respect thereof in the same manner as if such property were his own."   (R. L. Sec. 1230.)

Counsel for the trustee state their claim to be that "the trustee is required by law to make an income tax return showing the amount paid by it as trustee to each of the annuitants and that the making and filing of this return is all that the income tax law requires of the trustee."   The theory being that returns are required to be filed by persons acting in a fiduciary capacity in order, merely, to give the assessor information which otherwise it might be difficult to obtain.

Counsel for the assessor claims that "the trustee must make return of and be assessed upon the entire net income received, regardless of its disposition; or, in the event that this contention cannot be wholly sustained, then that the surplus annual income is taxable to the trustee, and as to the amounts paid to the annuitants that the assessments should be made to them individually."

These claims have been elaborately argued in the briefs of respective counsel.

The trustee having admitted that it is required to make a return showing the amounts paid to each of the annuitants under the will, but two questions require to be determined, viz.: Are the taxes on the annuities assessable against the annuitants individually, or against the trustee? And, who, if any one, is to be assessed for the tax on the accumulated surplus income?

Bearing on both these questions is the contention of the assessor that section 1287 incorporates in the income tax act the provision of section 1230, above quoted. This contention is not sustained. So far as trustees are concerned, the provision of section 1230 is that they shall make returns, be assessed, and be charged with the taxes payable with respect to the several properties which they represent. The property tax act, looking at property as it exists on the annual assessment date, provides for the assessment of its value against the person who owns or holds the legal title. The law authorizes the assessor to demand and receive the amount of the tax from the trustee, who, in turn, as provided in section 1231, "may recover from any person in whose behalf he is compelled to pay any tax, the amount so paid by him," etc. The income tax act, on the other hand, looks to each individual, and provides that "every person" shall be assessed with respect to the income "derived" by him. The same income cannot be derived at the same time by two persons. But to sustain the contention of the assessor would result in the one income being assessed twice for the same year—to the trustee under section 1230, and to the ultimate recipient under section 1278. That that was not the intention of the legislature is very clear. In order to prevent such double taxing of the incomes received through the trustee by the annuitants under this will, it is suggested that the annuitants "may deduct from the amount of their gross annual incomes the amount of their annuities and be taxed on the balance over fifteen hundred dollars." But that would be doing something not authorized by the statute. Section 1281, which specifies what, in computing incomes, shall be deducted, does not in-

clude moneys received from or through trustees. Furthermore, if the trustee should be assessed as a "person," as distinguished from a corporation, it would be entitled to deduct from the income the statutory exemption of fifteen hundred dollars, and if, according to the suggestion, each annuitant should also claim the exemption, the government would not get all it would be entitled to. Corporations are not allowed the exemption of fifteen hundred dollars, but, surely, whether or not an income received in trust is to be allowed the benefit of the exemption is not to depend on whether the trustee happens to be a natural or an artificial person. The further this line of argument is carried the more numerous are the difficulties encountered.

The provision of section 1230 is not consistent with either the general scheme of the income tax law or its express provisions. The section referred to must also be regarded as having been "superseded" by section 1283, which, referring to trustees, provides for their making returns, but does not provide for their being assessed. The omission, which, no doubt, was intentional, was necessary to avoid conflict with the provision of section 1287 requiring the direct assessment of all persons having taxable incomes.

From what has been said the answer to the first question we have put readily follows. The trustee is not to be assessed upon the income which it has collected and paid over to the annuitants. That income, though collected by the trustee, was not, within the meaning of the statute, *derived* by the trustee, but by the annuitants. The several annuitants, if they are required to render returns, should include their annuities in their returns as part of their respective incomes.

As to the surplus income, we hold that it is not taxable during the period in which it is to accumulate. As above pointed out, the statute levies the tax upon incomes "derived" by persons. The same term is used in section 1279 with reference to the tax upon the incomes of corporations. In section 1280 the words "derived," "realized" and "acquired" are used as

synonyms. And in section 1281 the word "acquired" is used again in the same sense as "derived." These words refer to the receipt of income beneficially for the recipient's own use. One of the principal arguments advanced in favor of the principle of the income tax is that it tends to place the burden upon those best able to bear it and in proportion to their respective abilities to bear it. The argument assumes that persons in receipt of incomes beneficially, for their own use and to do what they will with, are able to contribute toward the support of the government according to the size of their incomes, but the argument would be unsound if it were intended to include as taxable income moneys received by one for the use and benefit of another.

The surplus income of the Galbraith estate, which, pursuant to the terms of the will, is being received by and is accumulating in the hands of the trustee, is not, and, so long as it thus accumulates, will not, within the meaning of the income tax law, be "derived" by any one. During the period of its accumulation no one will have the beneficial use of it or any part of it. It constitutes a fund which, although it may steadily increase, is not taxable income. Pending its distribution it is beyond the purview of the income tax act.

This ruling is in harmony with the decision in *Halstead* v. *Pratt,* 14 Haw. 38, where it was held that a gift under a will was taxable as of the time when the donee received it and not as of the date of the death of the testator. The word "acquired" was there held to mean "received" or "receivable."

Judgment will be entered in accordance with the views herein expressed.

*E. W. Sutton, Deputy Attorney-General,* for the assessor.
*Kinney, Prosser, Anderson & Marx* for the trustee.