JOSEPHINE WILSON, BY W. E. BAL, SR., HER GUARDIAN, v. J. H. KUNEWA, TAX ASSESSOR AND COLLECTOR, SECOND TAXATION DIVISION, COUNTY OF MAUI, TERRITORY OF HAWAII.

No. 1723.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED DECEMBER 16, 1926.        DECIDED JANUARY 5, 1927.

PERRY, C. J., BANKS AND PARSONS, JJ.

TAXATION—*exemption of home—construction of section 1331, R. L. 1925.*

Under section 1331, R. L. 1925, when the undivided interest of a tenant in common in real property occupied by herself and her cotenants as their home only is of the value of $1500 or less, no tax can be legally collected upon said interest.

This case is before us upon plaintiff's appeal on points of law from the judgment of the district court of Wailuku, County of Maui. Plaintiff's action in the district court was brought July 19, 1926, under section 1444, R. L. 1925, to recover from the defendant, the tax assessor and collector of the second taxation division, the sum of $1.60 alleged to have been wrongfully and illegally taxed and assessed against the real property of the plaintiff and paid June 21, 1926, by the plaintiff under protest in writing.

The case was submitted to the magistrate upon the following agreed statement of facts:

"That the plaintiff is one of a family of ten (10) children who as heirs of their deceased father are the joint owners of a house and lot situate in Wailuku, County of Maui, T. H., and within the second taxation division, which house and lot is used and occupied by the plaintiff and her brothers and sisters under the care of their mother as their home only;

"That a tax return was filed on behalf of the said plaintiff as required by law showing the value of the interest of the said plaintiff in the said property to be $365.00, a copy of which return is attached hereto and made a part hereof;

"That notwithstanding such return, taxes were assessed against the property of the plaintiff in the following manner, to-wit: The house and lot as a whole were valued by the tax assessor at $3650.00, and the exemption on such a home as allowed by Sec. 1331, R. L. of Hawaii, 1925, being $2717.00, each child, including the plaintiff, was then assessed 1/10 of the total value of the house, or $365.00, for its undivided interest, and allowed 1/10 of the exemption allowed on the house as a whole, or $272.00, leaving a net taxable value for each undivided interest, of $93.00, on which value taxes were assessed and paid at the rate prevailing for the year 1926, amounting to $3.15; that demand was made on the plaintiff for the payment of the said tax at $3.15, the first payment being due and payable June 20, 1926, as shown by a true copy of the tax

bill attached hereto and made a part hereof. That the said tax of $1.60, as the first payment was paid on June 21, 1926, on behalf of the said plaintiff, under protest, a copy of which protest being attached hereto and made a part hereof."

The judgment of the district court was in favor of the defendant; and the points of law set forth in plaintiff's appeal are that said judgment is contrary to the law and the evidence.

Section 1321, R. L. 1925, provides in part as follows: "The interest of every person in any property shall be separately assessed (except as in this chapter provided in respect to shareholders in or members of companies), and every person shall be liable to taxation in respect of the full value of his interest in such property."

The first paragraph of section 1331, R. L. 1925, omitting the parts not applicable here, provides as follows: "Exemptions. Provided, however, that the tax in this chapter imposed upon real property shall be collected only upon real property in excess of the value of fifteen hundred dollars ($1,500.00) in case the taxpayer shall occupy such real property as his home only; and provided further that the tax imposed upon real property shall be collected only as to 33 1/3% thereof upon real property in excess of the value of fifteen hundred dollars ($1,500.00) but not to exceed the value of three thousand dollars ($3,000.00) in case the taxpayer shall occupy such real property as his home only; and provided further that the tax imposed upon real property shall be collected only as to 66 2/3% thereof upon real property in excess of the value of three thousand dollars ($3,000.00) but not to exceed the value of five thousand dollars ($5,000.00) in case the taxpayer shall occupy such real property as his home only; * * * and further provided that the exemptions aforesaid shall not be allowed on more than one home for any one taxpayer."

The second paragraph of said section 1331, as amended by Act 192, S. L. 1925, provides as follows: "Under this chapter the word 'home' shall include the entire homestead when the same is occupied by the taxpayer as such and shall also include houses where the owner sublets not more than one room to a tenant, and further where an agreement to purchase premises for a home has been duly entered into and recorded prior to January 1st of any year, whereby the purchaser agrees to pay all taxes while purchasing said premises. Further, the husband and wife shall not be permitted exemption of separate homes owned by each of them, unless they are living separate and apart in which case they shall be entitled to one exemption, to be apportioned between each of their homes in proportion to the value thereof. And further, no person living on premises, a portion of which is used as a store, shall be entitled to an exemption thereof."

This case is submitted upon briefs and the briefs contain no citations of adjudicated cases, the brief of defendant-appellee accounting for this absence of citation on his part on the ground that his counsel "have been unable to find any case construing a statute such as ours."

Under section 1321 above quoted it is clear that the interest of each of the ten children in the property named in the complaint and in the agreed statement of facts should be separately assessed. Construing section 1217, R. L. 1905 (now section 1321, R. L. 1925), this court in *Tax Assessor* v. *Wood,* 18 Haw. 485, 486, said: "The system as a whole in theory and in practice, so far as real property is concerned, is to tax persons for their interests in such property. It is very common to speak of assessing and taxing property, but under our system such an expression is not exact. For instance, in *Holt* v. *Savidge,* 17 Haw. 84, and in *Long* v. *Holt,* 17 Haw. 198, this court

held that the assessment should be made to some one 'whose duty it was to pay the taxes.' "

It is undisputed that the ten children referred to in the agreed statement of facts occupy said house and lot in Wailuku, under the care of their mother, as their home only. Defendant's contention with reference to section 1331 above quoted that "where this home is being used by ten joint owners as the home of each and all of them, it may not be construed, in respect of any one heir, as being used 'as his home only,' " is in effect a contention that the four words last above quoted should be interpreted as though the word "his" were italicized, with this qualification however: "Real property is used by a tax payer 'as his home only' when used by himself and his own family." The statement last above quoted from defendant's brief is followed by no further definition of terms and no citation of authority. That the word "only" refers to the purpose or character of the occupancy is shown by the context which provides in effect that the subletting of one room to a tenant shall not change the classification of property otherwise answering the description of a "home" under said section; but that using part of said premises as a store will deprive the occupant of his "home" exemption. The further provision that husband and wife shall together be entitled to but one exemption for separate homes under the conditions named shows no legislative intent contrary to the interpretation of section 1331 herein adopted.

It is stipulated by the parties as above set forth that the interest of the plaintiff in said property is of the value of $365. Section 1331 provides only for the collection of a tax upon real property in excess of the value of $1500 under the conditions hereinabove set forth. The interest of the plaintiff being of less value than $1500, her interest being separately assessable under section 1321 above

quoted, and said premises being occupied by her as her home only within the meaning of section 1331 as herein interpreted, we hold that the tax of $1.60 which she seeks in the above entitled action to recover was wrongfully and illegally assessed and collected.

The appeal is sustained, the judgment appealed from is set aside and the cause is remanded to the district magistrate with instructions to enter judgment for the plaintiff for $1.60 and taxable costs.

*W. F. Crockett* for plaintiff.

*H. R. Hewitt,* Second Deputy Attorney General, for defendant.