**UNITED STATES of America,
Plaintiff,**

v.

**Seymour MATANKY, M.D., Defendant.
Crim. No. 10106.**

United States District Court,
C. D. California.

July 14, 1972.

---

William D. Keller, U. S. Atty., Eric A. Nobles, Chief, Crim. Div. by Robert C. Bonner, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

James P. Cantillon, Cantillon & Cantillon, Beverly Hills, Cal., for defendant.

WILLIAM P. GRAY, District Judge.

The defendant, a medical doctor, is currently being prosecuted under 46 counts of an indictment, each of which charges him with having represented to an appropriate agency of the United States Government that he had rendered to named patients medical services compensable under the Social Security Act when in truth he had not rendered such services.

Each count of the indictment is brought under 18 U.S.C. § 1001, which provides, in pertinent part, that "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully . . . makes any false . . . or fraudulent statements or representations, . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both." This provision has been in its present form since June 25, 1948.

The defendant now moves to dismiss the prosecution on the ground that he should have been charged under 42 U.S. C. § 408, which provides misdemeanor penalties for anyone who makes any false statement or representation of a material fact in any application for payment under the medical assistance provisions of the Social Security Act (§ 408(b)).

The Government and the defendant agree that the acts of which the defendant is accused are covered by the terms of each of the two statutes. The question is whether the existence of 42 U.S.C. § 408(b), which was enacted later than was 18 U.S.C. § 1001, precludes prosecution under § 1001 of an offense that falls within the provisions of § 408(b). For reasons hereinafter set forth, this question is answered in the negative, and the motion to dismiss must accordingly be denied.

In urging his motion, the defendant relies upon the proposition that

". . . where there are two acts, one special or specific act which certainly includes the matter in question, and the other a general act which standing alone would include the same matter, so that the provisions of the two conflict, the special or specific act must be given the effect of establishing an exception to the general or broad act." 50 Am.Jur. 566, Statutes § 564.

The defendant also cites the opinion in Abbate v. United States, 270 F. 735, 736 (9th Cir. 1921), which does contain the above quoted statement. However, that case held only that the generally applicable provisions of the National Prohibition Act did not repeal the express pro-

visions of the "Bone Dry" Law of Alaska that Congress had previously enacted and which, as applied to the case there concerned, imposed harsher penalties than did the later act.

■ Application of the concept that a later special statute supersedes the earlier general law must be quite narrowly confined, as is indicated by Justice Sutherland in speaking for the Court in Posadas v. National City Bank, 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351 (1936):

"The cardinal rule is that repeals by implication are not favored. Where there are two acts upon the same subject, effect should be given to both if possible. There are two well-settled categories of repeals by implication: (1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest. . . ."

The second of the two categories obviously does not apply here, because the later act purports to deal only with a small segment of the broad coverage of § 1001.

With respect to the first category, the fact that one statute creates a felony and the other a misdemeanor might, upon first consideration, be thought to create an irreconcilable conflict, insofar as their mutual application is concerned. However, such a possibility is negatived by the case of United States v. Gilliland, 312 U.S. 86, 95, 61 S.Ct. 518, 85 L.Ed. 598 (1941), which held that the forerunner of § 1001 (18 U.S.C. § 80) was not superseded by the "Hot Oil" Act (15 U.S.C. § 715), even though the penalty prescribed by the former was greater than under the latter. "The matter of

penalties lay within the discretion of Congress. [18 U.S.C. § 80] covered a variety of offenses and the penalties prescribed were maximum penalties which gave a range for judicial sentences according to the circumstances and gravity of particular violations."

As the opinion in Gilliland also stated, the enactment and amendment of the statute upon which § 1001 was based ". . . indicated the congressional intent to protect the authorized functions of governmental departments and agencies from the perversion which might result from the deceptive practices described. We see no reason why this apparent intention should be frustrated by construction." Likewise here, in light of such intention on the part of Congress in enacting § 1001, this court cannot infer that the subsequent adoption of 42 U.S.C. § 408(b) reveals a "clear and manifest" intent to curtail the broad application of the earlier statute. If such had been the purpose of Congress, it would have been easy enough to say so. See, Cohen v. United States, 201 F.2d 386, 393 (9th Cir. 1953).

The defendant also urges that inasmuch as the conduct of which he is accused is covered both by a statute that provides for felony penalties (§ 1001) and one that involves only a misdemeanor (§ 408), he is entitled to be prosecuted under the provisions that call for the more lenient penalty. He contends that the fixing of punishment is a judicial function and that the prosecutor should not have discretion as to whether a felony or a misdemeanor should be involved here. The authorities are to the contrary. In United States v. Chakmakis, 449 F.2d 315, 316 (5th Cir. 1971), the defendant was convicted on four counts of violating 18 U.S.C. § 1001 and was given a thirty-day consecutive sentence on each count. On appeal, he raised the precise argument that is made here, namely, that he should have been prosecuted under 42 U.S.C. § 408.

In affirming the conviction, the opinion of the court stated:

"Leaving aside the fact that the defendant was sentenced as for a misdemeanor, it is quite clear that the enactment of the later section did not repeal the former and that the facts of the alleged offense fell within the terms of either statute. Hence, the prosecution could have been brought under either, at the discretion of the prosecutor."

A similar issue was involved in United States v. Eisenmann, 396 F.2d 565 (2d Cir. 1968). In affirming the conviction, the opinion commented as follows:

"The wording of the two statutes which provide different penalties is thus in harmony with Congressional intent. There are many acts which are made criminal by two or more sections of the Code, and if the government chooses to prosecute the actor under the section providing the *harsher* penalty, he cannot complain." (Page 568).

The motion to dismiss is denied.