In the Matter of the Tax Appeal
of RICHARD SMART, Taxpayer

No. 5254

JANUARY 30, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY RICHARDSON, C.J.

The Director of Taxation (Director) brings this interlocutory appeal from an adverse decision by the tax appeal court on its motion to dismiss the complaint of Richard Smart (Taxpayer).

The sole issue is whether the tax appeal court has jurisdiction under HRS § 40-35 to entertain Taxpayer's appeal.

The facts in this case are not in dispute. Taxpayer received a tax bill in October, 1970 for real property located in the third taxation division, Island of Hawaii, for the tax year 1970-71. Payment for the first half of the taxable year was due on November 20, 1970. Taxpayer paid the bill under protest on November 18, 1970

and filed his complaint under HRS § 40-35 on December 7, 1970. In his complaint Taxpayer stated that "[t]he dispute involves the assessment of real property by the Third Taxation Division, Island of Hawaii." Taxpayer further alleged that "the assessment [was] invalid and excessive." Nowhere does Taxpayer claim that the notice of assessment which led to the protested tax bill was not received by August 31 of the tax year pursuant to HRS § 246-43. We must assume that such notice was timely received.

Director contends that an appeal from an assessment must be brought "on or before September 25 of the tax year" as provided for by HRS § 246-46 (1972 Supp.) and that since Taxpayer filed his complaint on December 7 of the tax year, the tax appeal court did not have jurisdiction due to the running of the statute.

Taxpayer relies on HRS § 40-35 which allows one to pay under protest "[a]ny disputed portion of moneys representing a claim in favor of the State . . . ." An action to recover moneys paid under protest may be commenced within 30 days of the date of payment providing "that any action to recover payment of taxes under protest shall be commenced in the tax appeal court." Since he paid his taxes under protest and lodged his complaint within the period provided for by HRS § 40-35, Taxpayer argues that the tax appeal court had jurisdiction under HRS § 40-35.

We disagree.

This case is one of first impression to the extent that it presents the question of whether a taxpayer, aggrieved by a real property tax assessment, may challenge the assessment by paying his tax bill under protest and appealing to the tax appeal court under HRS § 40-35.

In broad terms, HRS § 40-35 allows a taxpayer to pay under protest disputed portions of moneys representing a claim in favor of the State and to bring suit in the tax appeal court to recover payment of taxes within thirty

days. We have not been cited to, nor can we find, any authority which would allow a suit under HRS § 40-35 challenging a real property assessment as excessive.

In *Wilson* v. *Kunewa*, 29 Haw. 555 (1927), relied on by Taxpayer, suit was brought against the tax assessor under R.L.H. 1925 § 1444, the predecessor of HRS § 40-35, to recover taxes paid under protest and alleged to have been wrongfully and illegally taxed against the taxpayer's real property. The taxation scheme then in effect allowed an exemption from taxation for property valued at $1500 or less, and provided that the interest of every person in real property was to be assessed separately. The taxpayer's undivided interest in real property was taxed at $1.60 and was clearly tax exempt. Since the taxpayer did not question the valuation or amount of the tax, *Wilson* is inapplicable to the current dispute.

The *Wilson* case, as Taxpayer suggests, stands for the proposition that a taxpayer may recover allegedly "illegal" real property taxes paid under protest by suing successfully under HRS § 40-35. However, where Taxpayer's suit contests the valuation placed upon the real property by the tax assessor rather than the legality of the assessment, we are of the opinion that the language of HRS § 246-46 applies exclusively. HRS § 246-46 (1972 Supp.) states that:

> *Any taxpayer* who may deem himself *aggrieved by an assessment* made by the assessor or by the assessor's refusal to allow any exemption, *may appeal from the assessment* or from such refusal to a board of review or the tax appeal court, *on or before September 25 of the tax year,* as provided in chapter 232 (emphasis added).

The settled law in this State favors a specific statute over a general one when two statutes cover the same subject. *State* v. *Coney,* 45 Haw. 650, 372 P.2d 348 (1962).

We find that HRS § 246-46 in no uncertain terms

applies directly to the facts underlying this dispute and must govern the outcome.

For another perhaps more compelling reason, we favor the application of HRS § 246-46 in this case. The intent of the legislature when it enacted the real property tax scheme was to provide a system for the assessment of property taxes, the setting of rates by the counties and the billing of such taxes to the property owner. The statutes which make up this plan[1] may be deemed *in pari materia,* so that in the absence of words to the contrary, the legislature, by enacting HRS § 40-35 did not intend to alter the general plan of real property taxation. *Halstead* v. *Pratt,* 14 Haw. 38, 39 (1902).

It would subvert the real property taxation scheme if appeals to the tax appeal court were allowed under HRS § 40-35 after the tax rates and county budgets were determined. If appeals from valuations are to be taken, it is essential to the integrity of the process that they be commenced under HRS § 246-46.

For the preceding reasons, this case is reversed and remanded.

*Johnson H. Wong,* Deputy Attorney General (*George Pai,* Attorney General, with him on the briefs), for appellant.

*J. Garner Anthony* (*Anthony, Hoddick, Reinwald & O'Connor* of counsel) for appellee.

---

[1]The chronological order of events starting from notice of assessment until the billing of the owner is as follows:
1. HRS § 246-43—Notice of assessment on or before August 31.
2. § 246-46—Appeal from excessive valuation on or before September 25.
3. § 246-44—Compilation of assessment list. September 30. Noting appeals taken and amount involved.
4. § 248-2 (f) —Net taxable real property on or before October 5.
5. § 248-2 (b) —Fixing tax rates on or before October 26.
6. § 246-48—Owner billed on or before November 15.