STATE OF HAWAII, Plaintiff-Appellant, *v.* WALTER KUUKU, Defendant-Appellee

NO. 6843

STATE OF HAWAII, Plaintiff-Appellee, *v.* JOHN PETTIGREW, Defendant-Appellant

NO. 6890

MAY 21, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
AND RETIRED JUSTICE MARUMOTO IN PLACE OF
KIDWELL, J., ABSENT*

---

*Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

OPINION OF THE COURT BY MENOR, J.

Supreme Court Nos. 6843 and 6890, have been consolidated for purposes of appeal.

In No. 6843, defendant Kuuku was indicted for having wrongfully obtained "the property of the State of Hawaii, to wit, money, the value of which exceeded $200.00, by deception as to his shelter expenses, while receiving public assistance, with the intent to deprive the State of Hawaii of said property, thereby committing the offense of Theft in the First Degree, in violation of Section 708-831(1)(b) of the Hawaii Penal Code, as amended." Defendant Kuuku moved to dismiss the indictment on the ground that he should have been charged under the more specific misdemeanor statute [HRS § 346-34], instead of under the more general felony statute [HRS § 708-831(1) (b)]. Judge Lanham, before whom the motion was heard, ruled in favor of the defendant and the State appeals. We reverse.

In No. 6890, defendant Pettigrew was indicted and convicted of the offense of wrongfully obtaining "the property of the State of Hawaii, to wit, public assistance monies, the value of which exceeded $200.00 by deception as to his receipt of workmen's compensation benefits, with the intent to deprive the State of Hawaii of said property, thereby committing the offense of Theft in the First Degree, in violation of Section 708-831(1)(b) of the Hawaii Penal Code, as amended." The defendant appeals from the judgment and sentence imposed by Judge Doi, asserting the same arguments advanced by defendant Kuuku. We affirm.

In *State v. Modica*, 58 Haw. 249, 567 P.2d 420 (1977), we held that if a violation of a misdemeanor statute would invariably and necessarily constitute a violation of a felony statute covering the same subject matter, it would be a violation of the defendant's constitutional rights to be compelled to an-

swer under the felony statute.[1] Inasmuch as the misdemeanor statute in that case [HRS § 134-6] was capable of being violated in certain situations where the felony statute [HRS § 134-9] would not, we held that the defendant's felony conviction was proper.

A comparison of HRS § 346-34[2] with HRS § 708-830(2)[3]

---

[1] Illustrative of the situation contemplated by Modica is the factual and statutory posture to be found in United States v. Young, 376 A.2d 809 (D.C.App. 1977), where the defendant was indicted for the alleged violation of a felony statute which provided that "[w]hoever threatens within the District of Columbia to kidnap any person or to injure the person of another or physically damage the property of any person [shall be punished]." The defendant claimed that he should have been charged under the misdemeanor statute which provided that "[w]hoever is convicted in the District of threats to do bodily harm [shall be punished]." *Every* violation of the latter statute would have invariably and necessarily constituted a violation of the felony statute. Thus, under Modica the defendant's claim would have been upheld. We reaffirm this rule.

[2] § 346-34 Frauds, penalties. Any person who, by means of a wilfully false statement or representation, or by impersonation or other fraudulent device, obtains or attempts to obtain, or aids or abets any other person to obtain public assistance to which he is not justly entitled, or a larger amount of assistance than that to which he is justly entitled; or any recipient who buys or disposes of real property or any person who knowingly aids or abets a recipient in the purchase or sale of real property without the consent of the department of social services and housing shall be guilty of fraud.

If, at any time while the recipient of public assistance is receiving such assistance, his living requirements are reduced and he fails to report the reduction within thirty days from the date of the reduction to the department, or he acquires from any source real property, funds, income, or other resources and fails to report the amount of same together with the source of the resources to the department within thirty days of receipt of same, or prior to spending or otherwise disposing of all or any portion of the same, he shall be deemed guilty of fraud. . . .

No person shall knowingly obtain or attempt to obtain, or aid or abet another person in obtaining or attempting to obtain, any food commodity under a food distribution program or any food stamp or coupon under a food stamp plan, to which he or the other person is not entitled to receive or use under any law, or under any rule or regulation promulgated pursuant to section 346-14(9) or chapter 91.

No person shall knowingly give, sell, trade, or otherwise dispose of to another person not entitled to receive or use the same pursuant to any law, or pursuant to any rule or regulation promulgated pursuant to section 346-14(9) or chapter 91:

    (1) Any food commodity received under a food distribution program;

    (2) Any food stamp or coupon received under a food stamp plan; or

    (3) Any food commodity received wholly or partially in exchange for a food stamp or coupon received under a food stamp plan.

\*   \*   \*   \*

[3] § 708-830 Theft. A person commits theft if he does any of the following:

\*   \*   \*   \*

[definition of theft] and HRS § 708-831(1)(b),[4] under which both defendants were charged, clearly shows that a violation of the misdemeanor fraud statute [HRS § 346-34] would not "invariably and necessarily" constitute a violation of the general theft statute [HRS § 708-831(1)(b)]. There are any number of ways by which the former statute may be violated without also violating the latter statute.[5] Accordingly, we find the defendants' due process and equal protection arguments based on *Modica* to be without merit.

We are not unmindful of the rule of statutory construction that where two statutes cover the same subject matter, the one general and the other special, the specific statute will be favored. *In re Smart*, 54 Haw. 250, 505 P.2d 1179 (1973); *State v. Coney*, 45 Haw. 650, 372 P.2d 348 (1962). This rule is determinative where there is a plainly irreconcilable conflict between the two statutes. *See Id.* Where no such positive repugnancy exists, however, and the statutes simply overlap in their application, effect will be given to both if possible as repeal by implication is not favored. *Posadas v. National City Bank*, 296 U.S. 497 (1936).

We find no irreconcilable conflict between the statutes before us. The mere fact that one statute creates a misdemeanor and the other a felony does not create such a conflict. *United States v. Mantanku*, 346 F.Supp. 116 (D.Cal.

---

(2) Property obtained or control exerted through deception. He obtains, or exerts control over, the property of another by deception with intent to deprive him of the property.

\* \* \* \*

[4] § 708-831 Theft in the first degree. (1) A person commits the offense of theft in the first degree if he commits theft:

\* \* \* \*

(b) Of property or services the value of which exceeds $200; . . .

[5] For example, successful prosecution under HRS § 346-34 does not require that the accused must have actually obtained public assistance benefits as a result of his wilfully false statements or representations, whereas under HRS § 708-831(1)(b), proof of theft of property or services valued over $200 is required. Further, obtaining assistance benefits, if of the value of $200 or less, would still not constitute a violation of HRS § 708-831(1)(b).

1972), citing *United States v. Gilliland,* 312 U.S. 86 (1941). Moreover, it is settled criminal law that where a single act violates more than one statute, the State may elect to proceed against the accused under either statute. *Territory v. Awana,* 28 Haw. 546 (1925); *United States v. Brown,* 482 F.2d 1359 (9th Cir. 1973); *United States v. Burnett,* 505 F.2d 815 (9th Cir. 1974), *cert. denied,* 420 U.S. 966. *See* HRS § 701-109.

In *Awana,* the defendant was indicted for the crime of embezzlement under the general statute [R.L. 1925, § 4191] defining the offense. In recognizing that the accused, a county employee, might also have been indicted under the more specific statute proscribing embezzlement of public property [R.L. 1925, § 4192], this court observed:

"It is no defense to an indictment under one statute that the defendant might also be punished under another." 28 Haw. at 548.

Unless, therefore, the legislative intent is clearly shown to be otherwise, the existence of a specific criminal statute will not preclude prosecution under a more general criminal statute. *Hucal v. People,* 176 Colo. 529, 493 P.2d 23 (1972); *State v. Drake,* 79 N.J.Super. 458, 191 A.2d 802, 805 (1963). *Cf. State v. Modica, supra.* In *State v. Drake, supra,* where the defendant was indicted for the general misdemeanor of obtaining money fraudulently rather than under the specific misdemeanor fraud statute, the court, quoting from the earlier case of *State v. Fary,* 16 N.J. 317, 108 A.2d 593 (1954) said:

"The fact that there is an area in which the two statutes overlap and prohibit the same act, as in this case, does not mean that the defendant can only be prosecuted under the statute providing for the lesser penalty."

*See also United States v. Burnett, supra.* Under those circumstances, the choice is necessarily and traditionally subject to the exercise of the prosecuting attorney's sound discretion. *State v. Modica, supra.*

The *Modica* rule not being applicable here, the defendants in this case will prevail only if it was clearly the intent of the legislature to limit prosecution of welfare fraud to HRS § 346-34. We have examined the legislative history of both

84

statutes under consideration and have found no indication that the legislature intended to bar the application of the theft statute to welfare fraud cases. *See* 1978 Senate Journal 951, Stand.Com.Rep. No. 435-78; 1978 House Journal 1751, Stand.Com.Rep. No. 757-78.

Reversed in No. 6843 and affirmed in No. 6890.

*Michael A. Lilly,* Deputy Attorney General for Plaintiff-Appellee and Plaintiff-Appellant.

*Chester M. Kanai,* Deputy Public Defender for Defendants *Kuuku* and *Pettigrew.*