STATE OF HAWAII, Plaintiff-Appellee, *v.* JULIETA BAOIT, Defendant-Appellant

NO. 9517

(CRIMINAL NO. 57886)

OCTOBER 12, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction of Theft in the First Degree under HRS § 708-831(1)(b). Appellant contends that she should have been charged with a violation of HRS § 383-141.

Section 383-141 provides:

*Falsely obtaining benefits, etc.* Whoever makes a false statement or representation knowing it to be false or knowingly fails

to disclose a material fact, to obtain or increase any benefit or other payment under this chapter or under the unemployment compensation law of any state or of the federal government, either for himself or for any other person, shall be charged with a misdemeanor if the value of the benefit obtained or increased is less than $200, or shall be charged with a class C felony if the value of the benefit obtained or increased is $200 or more; and each such false statement or misrepresentation or failure to disclose a material fact shall constitute a separate offense; provided that no fine or imprisonment shall be imposed in any case in which disqualification has been determined under section 383-30(5).

Section 708-831(1)(b) provides:

*Theft in the first degree.* (1) A person commits the offense of theft in the first degree if he commits theft:

. . . .

(b) Of property or services the value of which exceeds $200; . . . .

Essentially, appellant's contention is that since she fraudulently collected 14 weekly benefit payments of $91 each, by failing to disclose the fact of her employment on her weekly claim cards, she should have been charged with 14 misdemeanors under that section rather than with the class C felony of theft under HRS § 708-831(1)(b).

We hold appellant's claim to be meritless. Commission of the misdemeanor of false representation under HRS § 383-141 does not invariably and necessarily constitute the felony of theft and hence there is no constitutional bar to the theft charge. *State v. Kuuku,* 61 Haw. 79, 595 P.2d 291 (1979).

Since the felony charge under both HRS §§ 383-141 and 708-831(1)(b) is a class C felony, we hold she could properly be charged under either since there is no irreconcilable conflict between them. *State v. Kuuku, supra.* Affirmed.

*William H. Jameson, Jr.,* Deputy Public Defender, on the brief for appellant.

*Dwight K. Nadamoto,* Deputy Attorney General, on the brief for appellee.