## WONG SAR v. S. UEHARA.

### No. 1826.

ARGUED OCTOBER 22, 1928.    DECIDED NOVEMBER 7, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

#### OPINION OF THE COURT BY BANKS, J.

This is an action for rent. At the time of its commencement the plaintiff sued out a writ of attachment which was levied on certain personal property belonging to the defendant. Thereafter the defendant gave a bond with sureties for the release of his property from the attachment and the property was released. The condition of the bond is that "if said defendant shall perform the judgment of the court in said action then this obligation shall be void, otherwise it shall remain in full force and effect." After giving this bond and after his property was released from the attachment the defendant filed a motion to dissolve the attachment and to vacate and set aside the release bond. The ground of the motion was that "the affidavit of the sureties on the attachment bond does not comply with the statute on

the question of qualification of sureties upon bonds." The motion was granted, to which action of the court the plaintiff reserved an exception. Subsequently the court gave judgment for the plaintiff and against the defendant but refused to give judgment against the sureties on the release bond. To this refusal the plaintiff excepted.

The question before us therefore is whether the court should have sustained the defendant's motion to dissolve the attachment and vacate the release bond which the defendant had given. If the attachment was improperly dissolved the release bond remained in full force and effect and judgment should have been given not only against the defendant but against the sureties on the release bond. The affidavit of the sureties on the attachment bond is as follows: "Wong Mon and Lee Kui being first severally duly sworn, upon their several oaths, depose and say, each for himself and not one for the other, that they are the sureties on the foregoing bond, or undertaking on attachment; that they are residents of Honolulu, City and County of Honolulu, Territory of Hawaii; that they, taken together, have property situated in the Territory of Hawaii, subject to execution, and that they taken together are worth in such property, within the Territory of Hawaii, the amount of the penalty specified in the foregoing bond or undertaking over and above all their debts and liabilities and property exempt from execution."

It is contended by the defendant that the sufficiency of this affidavit is to be determined by the provisions of section 2808, R. L. 1925, which is as follows: "Before the writ of attachment shall issue, the plaintiff, or some one in his behalf, shall execute and file with the clerk a bond or undertaking with two or more sureties, in a sum at least double the amount for which the

plaintiff demands judgment, and in no case less than fifty dollars in a district court, or three hundred dollars in any other court, conditioned that the plaintiff will prosecute his action without delay, and will pay all costs that may be adjudged to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the amount specified in such bond or undertaking as the penalty thereof, should the same be wrongfully, oppressively or maliciously sued out, and in case the defendant be declared a bankrupt, pay all charges, damages and expenses incurred by the high sheriff or his deputy, the sheriff of any county or city and county or his deputy or any police officer by reason of the attachment. With the bond or undertaking, there shall also be filed the affidavits of the sureties, from which it must appear that the sureties are qualified, and that they are, taken together, worth the sum specified in the bond or undertaking over and above all debts and liabilities and property exempt from execution. But no such bond shall be required when the plaintiff is the Territory or any officer or agent of the Territory or any municipality suing for its use or benefit." One of the requirements of this section is that it must appear from the affidavit of the sureties that they are qualified. The affidavit before us is defective in this respect and this is one of the grounds upon which the validity of the attachment was attacked.

In answer to this the plaintiff claims that that portion of section 2808 which relates to the affidavit of sureties was by implication repealed by section 161, R. L. 1925, and that the latter section does not require a statement in the affidavit of sureties that they are qualified. Section 161 is as follows: "Whenever by any law, regulation, ordinance, order of court, or any rules of any department of the Territorial government or

of any subdivision thereof, now or hereafter in force, it shall be required of any person to give any written bond or undertaking for the performance of any contract or the provisions of any license, or for the indemnity or security of any person, party or any officer, there shall be attached to such bond or undertaking an affidavit of each of the sureties thereon, duly verified by oath, from which it shall appear that the sureties taken together have property situated within the Territory subject to execution and that the sureties taken together are worth in property within the Territory the amount of the penalty specified in the bond or undertaking, over and above all of their debts and liabilities; in default of which justification no such bond or undertaking shall be accepted; provided, however, that if any such bond or undertaking shall be executed by the principal and by any corporation, organized for the purpose of becoming surety on such bonds, authorized under the laws of the United States or of the Territory to act as surety, and doing business in the Territory under the provisions of the laws of the United States and of the Territory, if a foreign corporation, and under the laws of the Territory, if an Hawaiian corporation, may be accepted as surety on such bonds in lieu of the personal sureties hereinafter required, whenever, in the opinion of the officer or officers whose duty it is to approve such bond, the rights of all parties in interest will be fully protected; and further provided, that when the surety on any such bond is such corporation, no other justification shall be required."

The statute, which is now section 2808, R. L. 1925, was first enacted in 1905. It remained in its original form until 1917 when it was reenacted with an amendment that related solely to the conditions of the bond required to be given before the issuance of an attach-

ment and left the provision regarding the justification of sureties unchanged. The statute, which is now section 161, R. L. 1925, was first enacted in 1915 and was re-enacted in 1917 with an amendment that related to and enlarged the kind of bonds and undertakings to which the subsequent provisions regarding the affidavit of sureties should apply. In deciding whether that portion of section 2808 which relates to the affidavit of sureties was repealed by section 161 we think this amendment is quite important. In order to emphasize the point we have in mind we will quote a portion of the statute as it was originally enacted in 1915, and requote a portion of it as it was amended in 1917. As originally enacted the statute provided: "Whenever by any law, regulation, ordinance, order of court, or any rule of any department of the Territorial government or of any subdivision thereof, now or hereafter in force; it shall be required of any person to give any written bond or undertaking for the performance of any contract or the provisions of any license, there shall be attached to such bond or undertaking an affidavit of each of the sureties thereon * * *." As amended in 1917 it provides: "Whenever by any law, regulation, ordinance, order of court, or any rules of any department of the Territorial government or of any subdivision thereof, now or hereafter in force, it shall be required of any person to give any written bond or undertaking for the performance of any contract or the provisions of any license *or for the indemnity or security of any person, party or any officer,* there shall be attached to such bond or undertaking an affidavit of each of the sureties thereon * * *." (The italicized words indicate the amendment.) Section 2808, which requires a statement in the affidavit of sureties that they are qualified, was enacted on the 19th day of March, 1917. Section

161, which has no such requirement, was enacted on the 14th day of April, 1917,—nearly a month later. The specific question, therefore, is whether the later Act by implication repealed that portion of the earlier Act which requires that the affidavit of sureties on bonds contain the statement that the sureties are qualified. In considering this question we are mindful of the general rule that repeals by implication are not favored. We are, however, also mindful of the rule that "when the later act is exclusive, that is, when it covers the whole subject to which it relates, and is manifestly designed by the legislature to embrace the entire law on the subject, it will be held to repeal by implication all prior statutes on that matter whether they are general or special, even though they are not repugnant, unless it is expressly provided that prior special acts shall not be affected. * * *" 26 Am. & Eng. Ency. L. (2d Ed.) 742.

It cannot be denied that section 161 is broad enough to cover the entire field of the affidavit of sureties on all kinds of bonds, including attachment bonds, that are required by any law or by any of the ordained powers of the government mentioned in the statute. This was not true of the statute as it was first enacted in 1915. It was then limited to the affidavit of sureties on certain specified bonds or undertakings, namely, bonds or undertakings required by any law, regulation, ordinance, order of court or any rule of any department of the territorial government or of any subdivision thereof of persons for *the performance of any contract or the provisions of any license.* This clearly did not include attachment bonds. When, therefore, the legislature broadened the statute so as to include bonds *"for the indemnity or security of any person, party or any officer,"* it must have been its intention to substitute this statute for any other statute relating to the affidavit of

sureties on bonds and thus establish a uniform law on this subject, otherwise it would have excepted from the statute the kind of bonds which it did not wish it to embrace. Section 2808 (the earlier statute) relates in part to the affidavit of sureties on attachment bonds. Section 161 (the later statute) covers the same subject. The earlier statute requires a statement in the affidavit that the sureties are qualified. The later statute makes no such requirement. The two statutes are thus in irreconcilable conflict. They both cannot stand. The conclusion is inescapable that the later statute, so far as it relates to the affidavit of sureties, repeals by necessary implication the former. This conclusion is not in conflict with *Territory* v. *Wills,* 26 Haw. 469. In the *Wills* case a writ of error was issued by the clerk of this court. A motion to dismiss the writ on the ground that the clerk was without authority to issue it, it being a criminal proceeding, was sustained. Section 2526, R. L. 1915, provided that no writs of error in criminal cases should issue unless allowed by a justice of the supreme court. It was contended by counsel for Wills that this section was repealed by an amendatory Act passed by the legislature in 1919. Section 2526 was a part of chapter 142 entitled "Appeals, Exceptions, Error." One of the subdivisions of this chapter was "Writs of Error," and section 2526 was within this subdivision. In 1919, by Act 44, the legislature repealed one section of the Revised Laws of 1915 relating to writs of error, amended certain other sections and left still others undisturbed. Among the sections amended was 2518. Prior to the amendment this section provided: "A writ of error may be had by any party deeming himself aggrieved * * *." As amended the section provides: "A writ of error, returnable to the supreme court, may be issued by the clerk, or any deputy clerk or assistant clerk of the

supreme court, upon the application of any party deeming himself aggrieved * * *." One of the sections left undisturbed by Act 44 was section 2526, which provides: "No writ of error shall issue in a criminal case unless allowed by a justice of the supreme court * * *." By leaving section 2526 unrepealed and unamended the legislature clearly indicated its intention that it should remain in force. By necessary implication, therefore, the power conferred upon the clerk by section 2518, as amended, to issue writs of error, unless authorized by a justice of this court, was limited to civil cases. This was what was decided, and we think correctly, in the *Wills* case.

The defendant contends that even under section 161 the affidavit of the sureties in the instant case is defective in that it does not state that each of them has property in this Territory. We think this contention cannot be sustained. It is stated in the affidavit "that they" (the sureties) "taken together have property situated in the Territory of Hawaii * * *." This is equivalent to saying that each of them has property within the Territory. Moreover, the affidavit in this respect is in conformity with the statute, which provides that "there shall be attached to such bond or undertaking an affidavit of each of the sureties thereon, duly verified by oath, from which it shall appear that the sureties taken together have property situated within the Territory * * *." Conformity with the statute is all that is required.

The exceptions which raise the foregoing questions are sustained and the case is remanded with instructions to overrule the motion to dissolve the attachment and to enter judgment against the sureties on the release bond.

*W. B. Pittman* (also on the briefs) for plaintiff.

*J. B. Lightfoot* (also on the brief) for defendant.