HAAS & HAYNIE CORPORATION, a California corporation, Plaintiff-Appellee, *v.* PACIFIC MILLWORK SUPPLY, INC., Defendant-Appellant

NO. 6954

APRIL 23, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a summary judgment in the Circuit Court of the First Circuit. Appellee had supplied materials to a subcontractor of appellant, the general contractor on a construction project on the Island of Kauai. When appellee was not paid, it applied for a mechanic's and materialman's lien against the project. There was no contractual relationship between appellee and appellant, other than the alleged release. Appellee's only recourse against appellant was through the mechanic's and materialman's lien procedure set up in Part II of Chapter 507, Hawaii Revised Statutes (HRS). Appellant apparently set up release as a defense to the application in the Fifth Circuit but it also commenced the present action in the First Circuit for a declaratory judgment that its defense of release was good against the claim of a mechanic's and materialman's lien on the

project. It prevailed on summary judgment and an appeal was taken.

We raised *sua sponte* the question of the jurisdiction of the First Circuit Court over the matter and required additional briefing. Having considered the briefs, we hold that the Circuit Court of the First Circuit lacked jurisdiction under the declaratory judgment statute, § 632-1, HRS, and that even if there had been no lack of jurisdiction, the Circuit Court of the First Circuit abused its discretion in entertaining the suit.

Appellee Pacific Millwork Supply, Inc., supplied building materials to J&N Building Materials Company, also known as Consolidated Western, a subcontractor of Appellant Haas & Haynie Corporation, the general contractor on the construction project in question on the Island of Kauai. Appellant Haas & Haynie Corporation claimed that appellee had released any claim for a mechanic's and materialman's lien. Suit was commenced in the First Circuit for a declaratory judgment that the release was valid and binding upon the appellee and such a judgment was granted. Section 632-1, HRS, provides in pertinent part however:

Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed; . . .

Appellee had commenced action on the Island of Kauai in the Fifth Circuit by applying for a mechanic's and materialman's lien against the project. Section 507-43(a), HRS, reads in part:

Any person claiming a lien shall apply therefor to the circuit court of the circuit where the property is situated.

A mechanic's and materialman's lien action is purely a creature of statute. There is no claim that there was any direct contractual relationship, other than the claimed release, between appellee and appellant. It was only through a mechanic's and materialman's proceeding that any claim by appellee against anyone other than the party with whom it contracted, J&N Building Materials Company, could be raised. According to the briefs, the matter of the release had been raised by appellant in the mechanic's lien application proceedings which the appellee had commenced in the Fifth Circuit.

It is well-settled that courts will not entertain a declaratory judgment action if there is pending, at the time of the commencement of

the action for declaratory relief, another action or proceeding to which the same persons are parties and in which the same issues may be adjudicated. 22 Am. Jur.2d *Declaratory Judgments* § 16 (1965). In the same section, it is stated:

> Under the general rule, a declaratory judgment is not a proper mode of determining the sufficiency of legal defenses to a pending action.

We regard the language of §632-1, HRS, previously quoted, as being jurisdictional. The only jurisdiction that any court has with respect to the present controversy is the jurisdiction of the Fifth Circuit under the mechanic's and materialman's lien statute. The First Circuit has no jurisdiction since there is a special statutory remedy. The language of § 632-1, HRS, mandates that the special statutory remedy, a lien proceeding under Part II, Chapter 507, HRS, be followed.

But even if the clear language of the statute could be ignored, still in the present case, it would have been an abuse of discretion for the court below to have entertained the proceedings. As is pointed out in 22 Am. Jur.2d *Declaratory Judgments* § 15 (1965):

> As a general rule, a court will not take jurisdiction to render a declaratory judgment where another statutory remedy has been especially provided for the character of the case presented, . . .

Appellee cites *Katzenbach v. McClung,* 379 U.S. 294, 85 S. Ct. 377, 13 L. Ed.2d 290 (1964), in support of the proposition that the court below could correctly exercise jurisdiction to entertain the action. *Katzenbach* is not in point. In that case, the Supreme Court of the United States stated:

> But even though Rule 57 of the Federal Rules of Civil Procedure permits declaratory relief although another adequate remedy exists, it should not be granted where a special statutory proceeding has been provided.

379 U.S. at 296. It was only in the special and peculiar circumstances of that case, none of which are present here, that the court felt it proper to entertain the action and not to dismiss it.

We note in passing that counsel for appellant in its memorandum on jurisdiction has cited the Federal Declaratory Relief Act, Title 28, U.S.C. §§ 2201 and 2202, as being "very similar". We, however, fail to find any language in the Federal Act equivalent to

that in §632-1, HRS previously quoted, to wit:

> Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy shall be followed; . . .

Appellant's counsel also cites statements such as are contained in 10 Wright & Miller, Federal Practice and Procedure, § 2766 (1973), to the effect that the effect of the federal declaratory judgment act is procedural and not jurisdictional. A reading of those authorities, however, demonstrates that that language is used in emphasizing that the Federal Declaratory Relief Act did not *extend* the jurisdiction of the federal courts. Here, the Circuit Court of the First Circuit had no jurisdiction over the mechanic's lien action, including the defenses thereto, and so the authorities cited, instead of aiding appellant, are against it.

The question of whether or not appellee had released its claim for a mechanic's and materialman's lien could and should properly be decided only in the mechanic's and materialman's lien action in the Fifth Circuit.

Accordingly, the judgment below is reversed with instructions to dismiss the action.

Reversed and remanded.

*Roy L. Anderson (Davis, Playdon & Gerson* of counsel) for defendant-appellant.

*Michael D. Tom (Goodsill, Anderson & Quinn* of counsel) for plaintiff-appellee.