STATE OF HAWAII, Plaintiff-Appellant, Cross-Appellee, *v.* JERRY CABIE PACARIEM, Defendant-Appellee, Cross-Appellant

NO. 8769

FEBRUARY 10, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

*Per Curiam.* After a trial by jury, Jerry Cabie Pacariem was convicted of Attempted Murder and Reckless Endangering, and was sentenced as a young adult defendant under Hawaii Revised Statutes (H.R.S.) § 706-667.[1] The State appeals from the sentence, arguing that the court had no authority to sentence under that statute, but should have sentenced under H.R.S. § 706-606.1,[2] the

---

[1] § 706-667 *Young adult defendants.* (1) Defined. A young adult defendant is a person convicted of a crime who, at the time of sentencing, is sixteen years of age or older but less than twenty-two years of age, and who has not been previously convicted of a felony as an adult or adjudicated as a juvenile for an offense committed at age sixteen or older which would have been a felony had he been an adult.

\* \* \* \*

(3) Special term. A young adult defendant convicted of a felony may, in lieu of any other sentence of imprisonment authorized by this chapter, be sentenced to a special indeterminate term of imprisonment if the court is of the opinion that such special term is adequate for his correction and rehabilitation and will not jeopardize the protection of the public. When ordering a special indeterminate term of imprisonment, the court shall impose a maximum length of imprisonment which shall be eight years for a class A felony, five years for a class B felony, and four years for a class C felony. The minimum length of imprisonment shall be set by the Hawaii paroling authority in accordance with section 706-669. During this special indeterminate term, the young adult will be incarcerated separately from career criminals, when practicable.

This section shall not apply to the offense of murder.

[2] [§ 706-606.1] *Sentence for offense of attempted murder.* The court shall sentence a person who has been convicted of attempted murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:

(1) Life imprisonment without possibility of parole in the attempted murder of:

(a) A peace officer while in the performance of his duties, or

(b) A person known by the defendant to be a witness in a murder prosecution, or

(c) A person by a hired killer, in which event both the person hired and the person responsible shall be punished under this subsection, or

(d) A person while the defendant was imprisoned. As part of such sentence, the court shall order the director of the department of social services and housing and the Hawaii paroling authority to prepare an application for the government to commute the sentence to life with parole at the end of twenty years of imprisonment.

(2) Life imprisonment with possibility of parole in all other cases of attempted murder. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with Section 706-669.

*COMMENTARY ON § 707-606.1*

Act 26, Session Laws 1981, added this section to provide sentences for attempted murder that would be similar to those provided for murder. The legislature noted that in either offense the intent to kill was the same.

Mandatory Attempted Murder Sentencing Act. The issue is whether the subsequently enacted Mandatory Attempted Murder Sentencing Act repealed by implication the application of H.R.S. § 706-667 to the offense of attempted murder.

The Commentary to H.R.S. § 706-606.1, as amended in 1981, states that the sentence for the offense of attempted murder is similar to the sentence for murder since the intent to kill is the same for both offenses. The State relies upon this in arguing that this is legislative intent to repeal by implication the application of H.R.S. § 706-667 to the offense of attempted murder. The State advances the application of the rule of statutory construction that where a specific statute and a general statute pertain to the same subject matter, the specific statute should supercede and be deemed an exception to the general statute. The State maintains that H.R.S. § 706-667 is a general statute, and therefore is superceded by H.R.S. § 706-606.1, which specifically provides mandatory sentencing for attempted murder. However, the rule of construction advanced by the State is qualified by the proviso that the conflict between the general and specific statutes in question be "plainly irreconcilable." *State v. Kuuku*, 61 Haw. 79, 82, 595 P.2d 291, 294 (1979).

H.R.S. § 706-667 specifically provides that it is not applicable to the offense of murder. It also provides that the sentencing court has discretion to apply H.R.S. § 706-667 ". . . in lieu of any other sentence of imprisonment authorized by this chapter." These two provisions of H.R.S. § 706-667 are not plainly irreconcilable with H.R.S. § 706-606.1, but rather invest the sentencing court with discretion to apply H.R.S. § 706-667 to a young adult defendant, as long as the offense in question is not murder.

"The general rule is that repeals by implication are not favored and that if effect can reasonably be given to two statutes, it is proper to presume that the earlier statute is intended to remain in force and that the later statute did not repeal it." *State v. Gustafson*, 54 Haw. 519, 521, 511 P.2d 161, 162 (1973) (per curiam). Since the sentencing statutes in the case at bar can be read together, we do not find a repeal by implication of H.R.S. § 706-667 by H.R.S § 706-606.1.

We have considered the points of error brought up on appeal by Pacariem and find they are without merit.

Affirmed.

*Gary Modafferi (Tracy A. Hino* on the Opening Brief, *Arthur E. Ross*

on the Answering and Reply Briefs), Deputy Prosecuting Attorneys, for. plaintiff-appellant, cross-appellee.

*Mark R. Zenger (Reginald M. Sealey* on Opening Brief, *Dean M. Yamashiro* on Answering Brief) Deputy Public Defenders, for defendant-appellee, cross-appellant.