ROBERT ARMBRUSTER, RICHARD CARPENTER, JAMES FAWCETT, DONNIE HEDRICK, CHARLES JOHNSON, SIEW-EAN KHOO, TOUFIO SIDIGI, KIRK SMITH, and ROY STUBBS, Appellants, *v.* RENTON L.K. NIP, JOHN J. MARABELLA, BERNADETTE SAKODA, ROBERT M. FUKUNAGA, ODETTA K. FUJIMORI, as members of the State of Hawaii, Hawaii Employment Relations Board; HAWAII GOVERNMENT EMPLOYEES' ASSOCIATION; and CENTER FOR CULTURAL AND TECHNICAL INTERCHANGE BETWEEN EAST AND WEST, INC., Appellees

NO. 9201

(CIVIL NO. 71972)

FEBRUARY 17, 1984

BURNS, C.J., TANAKA, J., AND CIRCUIT JUDGE SIMEON R. ACOBA, JR. IN PLACE OF ASSOCIATE JUDGE HEEN, RECUSED

OPINION OF THE COURT BY TANAKA, J.

This is an appeal from the circuit court's denial of the appeals of Robert Armbruster and other employees (collectively appellants) of the Center for Cultural and Technical Interchange between East and West, Inc. (East-West Center) from the decision and order of the Hawaii Employment Relations Board (HERB). HERB had determined that it had no jurisdiction over appellants' unfair labor practice complaints against the Hawaii Government Employees' Association (HGEA) and East-West Center. We reverse.

I.

A.

In 1960, Congress authorized the Secretary of State to establish in Hawaii an educational institution "where scholars and students in various fields from the nations of the East and West may study, give and receive training, exchange ideas and views." 22 U.S.C. § 2054 (1976). The institution was established with the University of Hawaii administering it and the United States Department of State overseeing the entire operation.

In 1975, the Hawaii legislature enacted Act 82, 1975 Haw. Sess. Laws 143, which created East-West Center, an educational nonprofit public corporation, to administer and operate the institution upon making arrangements with the Secretary of State.

Appellants are professional research associates and employees of East-West Center.

HGEA is a labor organization incorporated under the laws of Hawaii. Renton L.K. Nip, John J. Marabella, Bernadette Sakoda,

Robert M. Fukunaga, and Odetta K. Fujimori are members of HERB.

East-West Center, HGEA, and the members of HERB are collectively referred to as appellees.

### B.

On May 27, 1981, appellants filed with HERB an unfair labor practice complaint against HGEA (Case No. 81-2) and a similar complaint against East-West Center (Case No. 81-3). Both complaints charged violations of specified sections of the Hawaii Employment Relations Act (HERA), Hawaii Revised Statutes (HRS) chapter 377 (1976, as amended).

On June 17, 1981, HGEA moved to dismiss on the ground that HERB had "no jurisdiction over the subject matter." At the July 1, 1981 hearing on the motion, the hearings officer consolidated Case Nos. 81-2 and 81-3. On October 13, 1981, the hearings officer filed his report and recommended order that the motion to dismiss be granted.

After appellants filed their exception to the hearings officer's report and recommended order, HERB held a hearing on April 16, 1982. On May 24, 1982, HERB issued its decision and order upholding the hearings officer's report and recommended order and dismissing appellants' complaints.

On June 24, 1982, appellants appealed to the First Circuit Court from HERB's decision and order. After a hearing on January 26, 1983, the circuit court filed its order on February 15, 1983, denying the appeals. Appellants' timely appeal to the appellate courts followed.

### II.

Appellants contend that Act 82 and HERA confer jurisdiction upon HERB to hear and determine their complaints.

Appellees argue that (1) all of the rights, including employment relations, of East-West Center employees are contained in Act 82, (2) Act 82 does not expressly refer to HERA, and (3) appellants, therefore, must resort to the circuit court, rather than HERB, to enforce their rights. In the alternative, they claim that (1) HRS § 377-1(2)

defines "employer" to exclude "any political subdivision" of the State, (2) East-West Center is a "political subdivision," and (3) consequently, HERB has no jurisdiction over East-West Center and its employees.

We agree with appellants.

### A.

The primary objective of a court in construing statutes is to ascertain and give effect to the intention of the legislature. *Survivors of Medeiros v. Maui Land & Pineapple Co.*, 66 Haw. 290, 660 P.2d 1316 (1983); *In re Hawaiian Telephone Co.*, 61 Haw. 572, 608 P.2d 383 (1980); *Foster Village Community Ass'n v. Hess*, 4 Haw. App. 463, 667 P.2d 850 (1983). "Statutory language must be read in the context of the entire statute and construed in a manner consistent with the purpose of the statute," *Hawaii Public Employment Relations Board v. United Public Workers*, 66 Haw. 461, ____, 667 P.2d 783, 790 (1983) (quoting *State v. Kaneakua*, 61 Haw. 136, 140, 597 P.2d 590, 592 (1979)); *Lussier v. Mau-Van Development, Inc. II*, 4 Haw. App. 421, 667 P.2d 830 (1983), and a statute should "be so construed that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant." *Lopez v. Board of Trustees, Employees' Retirement System*, 66 Haw. 127, ____, 657 P.2d 1040, 1042 (1983) (quoting *In re City & County of Honolulu Corp. Counsel*, 54 Haw. 356, 373, 507 P.2d 169, 178 (1973) (quoting *In re Island Airlines, Inc.*, 47 Haw. 87, 112, 384 P.2d 536, 565 (1963))).

A court may turn to "sources other than the language of the statute itself to ascertain and implement the legislature's intent" in its enactment. *Crawford v. Financial Plaza Contractors*, 64 Haw. 415, 421, 643 P.2d 48, 52 (1982). *See Lussier v. Mau-Van Development, Inc. II*, *supra*. Thus, a court "may take legislative history into consideration in construing a statute." *Life of the Land, Inc. v. City & County*, 61 Haw. 390, 447, 606 P.2d 866, 899 (1980). *See Educators Ventures, Inc. v. Bundy*, 3 Haw. App. 435, 652 P.2d 637 (1982).

### B.

The portions of Act 82 pertinent to this appeal are:

SECTION 4.   Establishment of the Center for Cultural and Technical Interchange Between East and West, Inc. There is

created an educational non-profit public corporation to be known as the "Center for Cultural and Technical Interchange Between East and West, Inc." . . . The corporation shall not be considered a department, agency, or public instrumentality of the State, and shall not be subject to the laws of the State applying to departments, agencies and public instrumentalities of the State, except that the corporation shall be subject to all the laws of the State pertaining to non-profit corporations.

\*   \*   \*   \*   \*

SECTION 6.   Powers and duties of the corporation. Except as otherwise limited by this Act, the corporation shall have the following powers and duties and shall:

\*   \*   \*   \*   \*

(k) Enter into employee collective bargaining agreements *in conformance with all applicable laws;*

\*   \*   \*   \*   \*

SECTION 8.   Officers and employees.

\*   \*   \*   \*   \*

(e) All employees of the corporation shall have full rights *under all applicable laws* to self-organization, to form, join, or assist labor organizations to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection and shall have the right to refrain from any or all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as may be permitted *under all applicable laws;* provided that the corporation shall recognize the continuing effect of collective bargaining agreements in effect on the effective date of this Act covering employees of the East-West center until such agreements are altered or amended by the parties *in conformance with all applicable laws.*

(f) Except as otherwise specifically provided in this Act, the chief executive officer, any subordinate officers, and other employees and duly authorized representatives of the corporation shall not be considered officers or employees of

the State for the purposes of any state law, regulation or executive order.

(Emphasis added.)

From the foregoing provisions of Act 82, we discern the legislative intent to treat East-West Center not as a State department, agency, public instrumentality, or "political subdivision" (as urged by HGEA), but as an ordinary non-profit corporation, and its employees not as public employees falling within the ambit of HRS chapter 89 and the Hawaii Public Employment Relations Board,[1] but as private employees. The legislature intended that the employees have full rights regarding employment relations, including self-organization and collective bargaining, under *all applicable laws.* Contrary to the assertion of appellees that the words "all applicable laws" in Act 82 are superfluous or merely refer to the common law, they mean all applicable state and federal statutes. The legislative intent was that the employment relations between East-West Center and its employees were to be governed by HERA or its federal counterpart, the National Labor Relations Act,[2] 29 U.S.C. §§ 151, *et seq.* (1976 & Supp. IV 1980).

The legislative history of Act 82 supports our construction. The legislature's conference committee report states:

Inasmuch as the employees of the Corporation are not considered public employees, your Committee intends and believes it to be appropiate that the employees organize collectively under the Hawaii Employment Relations Board as established in chapter 377, Hawaii Revised Statutes. However, the bill does allow employees to choose to be under State or federal jurisdiction.

Hse. Conf. Comm. Rep. No. 29, in 1975 House Journal, at 911, 913; *see also* Sen. Conf. Comm. Rep. No. 29, in 1975 Senate Journal, at 868, 870.

We note that HRS § 377-1(3), which defines the term "employee," provides, *inter alia,* that:

... the term "employee" includes any individual subject to the jurisdiction of the National Labor Relations Act, as amended

---

[1] Hawaii Revised Statute's chapter 89 (1976 & Supp. 1982) is entitled "Collective Bargaining in Public Employment" and created the Hawaii Public Employment Relations Board.

[2] The National Labor Relations Act constitutes a part of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§ 141, *et seq.* (1976 & Supp. IV 1980).

from time to time, but over whom the National Labor Relations Board has declined to exercise jurisdiction or has indicated by its decisions and policies that it will not assume jurisdiction.

Appellants and other employees did file with the National Labor Relations Board (NLRB) an unfair labor practice charge against HGEA. However, on February 19, 1981, the acting regional director of NLRB wrote to appellants' counsel that "it does not appear that [East-West Center] is an employer over which the Board would assert jurisdiction" and refused to issue a complaint against HGEA.[3]

Since NLRB indicated that it would not assume jurisdiction over East-West Center and its employees, HERB has jurisdiction over them under HERA.

### C.

The Hawaii Supreme Court has stated that "in reviewing agency determinations, a presumption of validity is accorded to decisions of administrative bodies acting within their sphere of expertise." *In re Hawaii Electric Light Co., Inc.,* 60 Haw. 625, 630, 594 P.2d 612, 617 (1979). It has also announced that "[j]udicial deference to agency expertise has also been a guiding precept where the interpretation and application of broad or ambiguous statutory language by an administrative tribunal are the subject of review." *Aio v. Hamada,* 66 Haw. 401, ____, 664 P.2d 727, 731 (1983).

However, "this deference is constrained by [the court's] obligation to honor the clear meaning of a statute, as revealed by its language, purpose, and history." *International Brotherhood of Teamsters v. Daniel,* 439 U.S. 551, 566 n.20, 99 S. Ct. 790, 800, 58 L.Ed.2d 808, 820 (1979). *See also Cunha v. Ward Foods, Inc.,* 545 F.Supp. 94 (D. Haw. 1982). Furthermore, no persuasive weight need be accorded to administrative construction which is "palpably erroneous." *See Treloar v. Swinerton & Walberg Co.,* 65 Haw. 415, 653 P.2d 420 (1982); *Waikiki Resort Hotel, Inc. v. City & County,* 63 Haw. 222, 624 P.2d 1353 (1981).

---

[3] The letter of the acting regional director of the National Labor Relations Board is part of the record of the related case of *Hawaii Government Employees' Association v. Armbruster* (No. 8925) now pending in this court, and we take judicial notice of it. *Cf. Sakamoto v. Chang,* 56 Haw. 447, 539 P.2d 1197 (1975); *In re Ellis,* 55 Haw. 458, 522 P.2d 460 (1974), *cert. denied,* 419 U.S. 1109, 95 S.Ct. 782, 42 L.Ed.2d 805 (1975).

By its language, purpose, and history, Act 82 clearly indicates that HERB has jurisdiction in this case and HERB's construction of the law was "palpably erroneous." Under such circumstances, we need not defer to HERB's expertise in the interpretation of Act 82.

### III.

Since we have determined that HERB violated statutory provisions in dismissing appellants' complaints, *see* HRS § 91-14(g)(1) (1976), we hold that the circuit court was wrong in denying appellants' appeals from HERB's May 24, 1982 order and decision. *See Outdoor Circle v. Harold K. L. Castle Trust Estate,* 4 Haw. App. 633, 675 P.2d 784 (1983), *cert. denied,* 67 Haw. 1, 677 P.2d 965 (1984).

Reversed and remanded with instruction that the circuit court enter a judgment remanding Case Nos. 81-2 and 81-3 to HERB for a hearing on the merits.

*Gregory M. Sato (Jared H. Jossem* and *Jeffrey S. Harris* with him on the briefs; *Torkildson, Katz, Jossem & Loden,* of counsel) for appellants.

*Herbert H. Tanigawa,* Hearings Officer, on the brief for appellees Renton L.K. Nip, et al., members of Hawaii Employment Relations Board.

*Benjamin C. Sigal (Shim, Sigal, Tam & Naito,* of counsel) for appellee Hawaii Government Employees' Association.

*Cynthia Winegar (Jeffrey N. Watanabe* with her on the brief; *Kobayashi, Watanabe, Sugita & Kawashima,* of counsel) for appellee Center for Cultural and Technical Interchange between East and West, Inc.