AETNA LIFE INSURANCE COMPANY, AETNA LIFE INSURANCE AND ANNUITY COMPANY, THE AETNA CASUALTY AND SURETY COMPANY, THE STANDARD FIRE INSURANCE COMPANY, COMBINED INSURANCE COMPANY OF AMERICA, CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, NEW YORK LIFE INSURANCE COMPANY, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, TRANSAMERICA LIFE INSURANCE AND ANNUITY COMPANY, UNION MUTUAL LIFE INSURANCE COMPANY AND UNIONMUTUAL STOCK LIFE INSURANCE CO. OF AMERICA, Appellants, *v.* SUSAN KEE-YOUNG PARK, INSURANCE COMMISSIONER, STATE OF HAWAII, Appellee

NO. 9398

(CIVIL NO. 73464)

MARCH 30, 1984

BURNS, C. J., HEEN, J., AND CIRCUIT JUDGE KANBARA IN PLACE OF ASSOCIATE JUDGE TANAKA, RECUSED

OPINION OF THE COURT BY BURNS, C. J.

Nineteen insurance companies (Companies), "foreign insurers" under Hawaii Revised Statutes (HRS) § 431-81(b) (1976), appeal the dismissal of their complaint by the circuit court for lack of subject matter jurisdiction. Their complaint requested a refund of state taxes paid by them without protest to the Insurance Commissioner (Commissioner).[1] We affirm.

The dispositive issue is whether the circuit court has subject matter jurisdiction. Our answer is no.

On September 22, 1982 Companies filed a complaint against the Commissioner praying for the following orders:

 1. Declaring that the part of HRS § 431-318[2] which imposes

---

[1] By complaint filed on May 18, 1983 in Tax Appeal Court No. 2016, Companies seek the same relief as in this case and a refund of taxes paid under protest in 1983 plus interest.

[2] Section 431-318, HRS (1978), provides in relevant part:

*Taxation.*  (a) Each authorized insurer, except life insurers and ocean marine insurers, shall pay to the director of finance through the insurance commissioner, in the case of domestic insurers a tax of 2.9647 per cent, and in the case of other insurers a tax of 4.2824 per cent, on the gross premiums received from all risks or property resident, situated, or located within this State, during the year ending on the preceding December 31 less return premiums (but not including dividends paid or credited to policyholders), and less any reinsurance accepted (the tax upon such business being payable by the direct writing insurer).

  \*   \*   \*   \*   \*

 (b) Each life insurer shall pay to the director of finance through the commissioner, in the case of domestic insurers a tax of 1.918 per cent, and in the case of other insurers a tax of 3.197 per cent, on the gross premiums received from all risks resident within this State, during the year ending on the preceding December 31, less return premiums, dividends paid or credited to policyholders, and reinsurance accepted (the tax upon such business being payable by the direct writing insurer).

  \*   \*   \*   \*   \*

 (c) Each insurer shall, with respect to all ocean marine insurance contracts

higher tax rates on foreign insurance companies than on domestic insurance companies is unconstitutional and void;

    2. Ordering a refund pursuant to HRS § 431-319 of the excess taxes paid from 1974 through 1981 plus interest; and

    3. Permanently enjoining the Commissioner from enforcing the unconstitutional part of HRS § 431-318.[3]

At the request of the Commissioner, the circuit court dismissed the complaint for lack of subject matter jurisdiction. Companies appeal.

Section 661-1, HRS (1979), appears to confer jurisdiction of this case on the circuit court. It provides in relevant part as follows:

*Jurisdiction.* The several circuit courts and, except as otherwise provided by statute or rule, the several district courts shall, subject to appeal as provided by law, have original jurisdiction to hear and determine the following matters, and, unless otherwise provided by law, shall determine all questions of fact involved without the intervention of a jury.

    (1) All claims against the State founded upon any statute of the State[.]

Although this case falls within the ambit of section 661-1(1), other statutory provisions are relevant. Section 231-23(b), HRS (1976), states as follows:

    (b) This subsection shall apply to all taxes except those collected under chapters 246 [real property tax law] and 247 [conveyance tax law] and those collected under a chapter containing a provision for credit and refund of the amount of tax paid in excess of the tax imposed by such chapter. As to all tax payments for which a refund or credit is not authorized by this subsection (including without prejudice to the generality of the

---

written within the State, during the year ending on the preceding December 31, pay to the director of finance through the commissioner a tax of .8775 per cent on its gross underwriting profit.

    \*    \*    \*    \*    \*

[3] Section 632-1 authorizes courts of record to grant declaratory relief but only "within the scope of their respective jurisdictions." Moreover, it specifically states that "declaratory relief may not be obtained. . .in any controversy with respect to taxes[.]" Rule 57, Hawaii Rules of Civil Procedure, contains a similar restriction. Since Companies seek a refund of taxes paid, this is not an action for declaratory relief. 22 Am. Jur. 2d *Declaratory Judgments* § 1 (1965).

cases of unconstitutionality hereinafter mentioned in (1)(C)) the remedies provided by appeal or under section 40-35 are exclusive.

Section 431-319 (1976) states as follows:

*Refunds.* In the event any person has paid to the insurance commissioner any tax, fee, or other charge in error or in excess of that which he is lawfully obligated to pay, under this chapter, the commissioner shall upon written request made by the person to him within six years of the date of the payment, authorize a refund thereof out of the general funds of this State by submitting a voucher therefor to the comptroller of this State.

Subsections 40-35(a) and (b) (1981) provide as follows:

*Payment to State under protest.* (a) Any disputed portion of moneys representing a claim in favor of the State may be paid under protest to a public accountant of the department, board, bureau, commission, or other agency of the State with which the claimant has the dispute. The protest shall be in writing, signed by the person making the payment, or by his agent, and shall set forth the grounds of protest. If any payment, or any portion of any payment, is made under protest, the public accountant to whom the payment is made shall hold that portion of the moneys paid under protest in a trust account in the state treasury for a period of thirty days from the date of payment.

(b) Action to recover moneys paid under protest or proceedings to adjust the claim may be commenced by the payer or claimant against the public accountant to whom the payment was made, in a court of competent jurisdiction, within thirty days from the date of payment. If no suit or proceeding is brought within the thirty-day period, the money paid under protest shall be deposited into the appropriate account in the treasury of the State by the accountant and the amount deposited shall thereupon become a government realization. Any action to recover payment of taxes under protest shall be commenced in the tax appeal court.

As long as section 431-318 has not been adjudged to be unconstitutional, Companies are "lawfully obligated to pay" the taxes imposed thereunder, and they are not entitled to any recovery on that ground under section 431-319. Moreover, since section 431-319 contains a provision for credit and refund of excess taxes paid,

the instant case involves taxes "collected under a chapter containing a provision for credit and refund of the amount of tax paid in excess of the tax imposed by such chapter." According to section 231-23(b), in such instances, "[t]he remedies provided by appeal or under section 40-35 are exclusive." Therefore, Companies have no remedies other than those available "by appeal" or "under section 40-35," if any.

The instant case was not brought in circuit court "by appeal."[4] Thus, it could only have been brought under HRS § 40-35.

We interpret section 40-35 as follows:

1. It only allows for the recovery of money which has been paid under protest;

2. It requires the action for recovery to be commenced within thirty days from the date of payment; and

3. It requires the action for recovery of taxes paid under protest to be commenced in the tax appeal court.

Although section 661-1 appears to confer jurisdiction of this case on the circuit court, sections 231-23 and 40-35 specifically deny such jurisdiction. When two statutes cover the same subject, the specific statute takes precedence over the general one. *In re Smart*, 54 Haw. 250, 505 P.2d 1179 (1973). Moreover, "[w]here . . . a statute provides a specific form of remedy for a specific type of case, that statutory remedy shall be followed." *Haas & Haynie Corp. v. Pacific Millwork Supply, Inc.*, 2 Haw. App. 132, 627 P.2d 291 (1981). *Cf.* HRS § 632-1.

Consequently, sections 231-23(b) and 40-35 prohibit all original actions by insurers to recover moneys paid to the state under section 431-318 without protest. We find no merit in Companies' unsupported assertion that such a prohibition violates their constitutional right to due process of law.

Affirmed.

*Shawn B. Thompson (Anthony S. Chan* with him on the briefs) for appellants.

*Clifford K. Higa,* Deputy Attorney General, for appellee.

---

[4] *See Aetna Life Insurance Co. v. Park,* 5 Haw. App. ___ (No. 9370, March 28, 1984).