ETHEL S. LITTLETON, Plaintiff-Appellee, *v.* STATE OF HAWAII, Defendant-Appellant

NO. 10057

(CIVIL NO. 50265)

JULY 3, 1985

BURNS C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

The State of Hawaii (State) appeals from the lower court's June 5, 1984 order granting interest on a judgment in favor of Ethel S. Littleton (Littleton) and against State at 10% from the date of the trial court's original judgment, August 28, 1978. The State contends that, under the State Tort Liability Act (STLA), Hawaii Revised Statutes (HRS), chapter 662 (1976 and Supp. 1984), (1) interest on a judgment against State should be 4%, as specified in HRS § 662-8, rather than 10%, and (2) the interest should be computed from the date of the judgment on appeal rather than the trial court's original judgment. We agree with State and reverse.

Littleton filed suit against State in 1976 after she was injured while picking seaweed at Ewa Beach Park. The trial court found State liable and awarded Littleton judgment of $70,885.93.[1] Judgment of affirmance on appeal was entered on January 24, 1983. *Littleton v. State*, 66 Haw. 55, 656 P.2d 1336 (1982).

On April 16, 1984, Littleton filed a motion seeking interest on her judgment. The lower court granted her motion on June 5, 1984, and ordered State to pay interest at 10% from August 28, 1978, the filing date of the trial court's judgment. On July 3, 1984, State filed its notice of appeal.

In Act 134, 1984 Haw. Sess. Laws 253, 255, the legislature appropriated the judgment amount of $70,885.93 and interest at 4% for a total of $74,944.24 to pay Littleton.[2] On July 16, 1984, Littleton filed a partial

---

[1] Littleton also filed suit on the same claim against the City and County of Honolulu (City) (Civil 51435). The cases were consolidated for trial. During the trial, the trial court directed a verdict in favor of the City and the trial continued against State without a jury. On Littleton's appeal of the directed verdict, the trial court was reversed.

[2] The act does not indicate the date of the judgment or when the interest accrued.

satisfaction of judgment in the amount of $74,660.03. We do not know why the full amount of the appropriation was not paid.

The question on appeal is solely one of statutory construction, which is a matter of law, *Advertiser Publishing Co. v. Fase*, 43 Haw. 154, 165 (1959), freely reviewable by this court. *Molokoa Village Development Co. v. Kauai Electric Co.*, 60 Haw. 582, 595, 593 P.2d 375, 384 (1979); *Block v. Lea*, 5 Haw. App. 266, 271-72, 688 P.2d 724, 730 (1984).

1.

HRS § 662-8 (1976) specifically provides:

Interest.   On all final judgments rendered against the State in actions instituted under this chapter, interest shall be computed at the rate of four per cent a year from the date of judgment up to, but not exceeding, thirty days after the date of approval of any appropriation act providing for payment of the judgment.

Littleton argues that HRS § 478-2 (Supp. 1984)[3] covers the whole subject of interest on judgments and upon its amendment in 1979 and 1981[4] impliedly repealed § 662-8, which was enacted in 1975. We disagree.

Repeal by implication is disfavored, *State v. Kuuku*, 61 Haw. 79, 82, 595 P.2d 291, 294 (1979), and a statute may only be impliedly repealed where "the later act is exclusive, that is, when it covers the whole subject to which it relates, and is manifestly designed by the legislature to embrace the entire law on the subject[.]" *Fasi v. City & County of Honolulu*, 50 Haw. 277, 285, 439 P.2d 206, 211 (1968) (quoting *Wong Sar v. Uehara*, 30 Haw. 658, 663 (1928)). Obviously, when first enacted, § 662-8 carved out of the general subject of judgment interest a specific exception relating to judgments against the State. The 1979 and 1981

---

[3]HRS § 478-2 states:

On judgment.   Interest at the rate of ten per cent a year, and no more, shall be allowed on any judgment recovered before any court in the State, in any civil suit.

[4]In 1979 the interest rate was increased from 6% to 8%, and in 1981 it was raised to the present 10%.

amendments to § 478-2 merely changed the interest rates on judgments. There is nothing about the amendments manifestly indicating that the legislature intended thereby to embrace the entire subject matter, and there is no legislative history supporting Littleton's argument.

Moreover, "it is a general principle of law that statutory laws of general application are not applicable to the State unless the legislature in the enactment of such laws made them explicitly applicable to the State." *Big Island Small Ranchers Association v. State,* 60 Haw. 228, 236, 588 P.2d 430, 436 (1978) (quoting *A. C. Chock, Ltd. v. Kaneshiro,* 51 Haw. 87, 89, 451 P.2d 809, 811 (1969)). Here, HRS § 478-2 is a statute of general application and there is nothing making it explicitly applicable to the State. Indeed, the enactment of § 662-8 indicates a contrary legislative intent.

Finally, we find no reason in the law or the circumstances of this case to depart from the well-established rule that where there is an irreconcilable conflict between two statutes covering the same subject, the more specific, in this case § 662-8, should take precedence. *State v. Pacariem,* 67 Haw. 46, 48, 677 P.2d 463, 464 (1984); *State v. Kuuku,* 61 Haw. at 82, 595 P.2d at 294; *Aetna Life Insurance Co. v. Park,* 5 Haw. App. 122, 126, 678 P.2d 1104, 1107 (1984).

2.

State urges that "final judgment" in HRS § 662-8 is judgment on appeal and the court below erred in ruling that interest was to accrue from the date of the trial court's judgment. We agree.

The primary objective of a court in construing statutes is to ascertain and give effect to the intention of the legislature. *Survivors of Medeiros v. Maui Land & Pineapple Co.,* 66 Haw. 290, 297, 660 P.2d 1316, 1321 (1983); *Armbruster v. Nip,* 5 Haw. App. 37, 40, 677 P.2d 477, 480 (1984). Two fundamental rules of statutory construction are that statutory language must be read in the context of the entire statute and construed in a manner consistent with the purpose of the statute, *State v. Kaneakua,* 61 Haw. 136, 140, 597 P.2d 590, 592 (1979); *Pflueger v. City & County of Honolulu,* 5 Haw. App. 13, 17, 674 P.2d 1019, 1023 (1984), and so that, if it can be prevented, no clause, sentence or word shall be superfluous, void, or insignificant. *Armbruster v. Nip,* 5 Haw. App. at 40, 677 P.2d at 480.

We do not deem it necessary to go beyond the language of § 662-8[5] to determine the intent of the legislature, for we note that the various sections of chapter 662, when construed together and as a whole, indicate that the legislature intended to distinguish between a "final" judgment in § 662-8 and any other judgment under the STLA.

The purpose of the STLA, as stated in § 662-2, is to make the state liable for the torts of its employees "in the same manner and to the same extent as a private individual under like circumstances[.]" At the same time, however, the legislature made certain exceptions to the applicability of that broad purpose, indicating its intention that in some respects the State was to be treated differently from private individuals in like circumstances. Thus, in § 662-2, the State is exempted from liability for pre-judgment interest,[6] and under § 662-15(4) (1976),[7] is exempt from liability in situations where a private person might be liable. Clearly, in spite of the language of § 662-2, the legislature did not intend in all respects to have the State treated the same as private individuals.

---

[5]State contends that § 662-8 follows the Federal Tort Claims Act, 28 U.S.C. § 2411(b) (FTCA), *see Levy v. Kimball,* 51 Haw. 540, 465 P.2d 580 (1970), and cites federal court cases holding that under the FTCA interest accrues on a judgment after appellate review where the appeal was taken by the government. The argument is without merit. In discussing the applicability of federal cases interpretating the FTCA to a case involving an award of attorney's fees under the STLA, the supreme court held that the cases cited by the State all relied upon specific language of the FTCA limiting the award of attorney's fees and found the cases inapposite. *Id.* at 545, 465 P.2d at 583 (1970). Here, also, the cases cited by State rely on specific language of another federal statute, 31 U.S.C. 724(a) which leaves no doubt that judgments under the FTCA accrue interest only from the date the judgment becomes final after review upon appeal by the government:

[6]*Compare* HRS § 636-16 (Supp. 1984), which provides:
Awarding interest.   In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

[7]HRS § 662-15(4) provides:
Exceptions.   This chapter shall not apply to:

\* \* \*

(4) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

Within chapter 662, the word "judgment," standing alone, is used in §§ 662-2, -10, and -12, but in § 662-8 "judgment" is preceded by the adjective "final."[8] If we are to avoid superfluity as to that adjective, we must infer that the legislature, by its use, intended to accord to the word "judgment" in § 662-8 a different connotation than in the other sections of the STLA.

"Final" is defined as "not to be altered or undone." Webster's Third New International Dictionary (1967).

Black's Law Dictionary defines "final judgment" as "[o]ne which finally disposes of rights of parties, either upon entire controversy or upon some definite and separate branch thereof. Judgment is considered 'final' only if it determines the rights of the parties and disposes of all of the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy." *Id.* at 567 (5th ed. 1979).

The expression "final judgment" is used in different contexts in the law, but in every instance imports a meaning of conclusiveness. For appeal purposes, for instance, a final judgment is one which settles all claims of all parties to the proceeding from which review is sought. *See M. F. Williams, Inc. v. City & County of Honolulu,* 3 Haw. App. 319, 650 P.2d 599 (1982). It is also significant in the application of the legal doctrine of *res judicata.* In that context, the supreme court, in *Glover v. Fong,* 42 Haw. 560 (1958), held that "[a] judgment is final where the time to appeal has expired without appeal being taken." *Id.* at 574. It follows from *Glover* that where an appeal has been taken, a judgment of the trial court is not final, at least for purposes of *res judicata.*

A similar question was addressed by the supreme court in *State v. Heirs of Kapahi,* 50 Haw. 237, 437 P.2d 321 (1968). There, the trial court, after an appeal by the state of an eminent domain award resulted in affirmance of the trial court's judgment, awarded interest on the judgment from the date of its original entry, before appeal. The supreme court held that the term "final judgment" as used in the eminent domain

---

[8]The word "judgment" is also used alone in § 662-8. However, it clearly is in reference to the antecedent "final judgment" in the same section.

statute regarding the award of interest (now HRS § 101-25 (1976)) should be interpreted to mean the judgment entered after disposition of an appeal. We are persuaded to the same result as *Kapahi* in the instant case.

The use of the adjective "final" in § 662-8, and the clear indication of intent by the legislature to accord different treatment to the state's tort liability as compared to individual tort liability, convinces us that the legislature intended interest to run, under § 662-8, from the date when the judgment is conclusive, either after the judgment on appeal or after the time to appeal from the trial court judgment has expired. The court erred in the instant case in awarding interest from the date of the original trial court judgment.

We vacate the lower court's June 5, 1984 order and remand to the court below with the instructions to order interest on the judgment at 4% accruing from the date of the judgment on appeal, January 24, 1983.

*Dan T. Kochi,* Deputy Attorney General, for defendant-appellant.

*Craig Uyehara* (*Herbert R. Takahashi* on the briefs) for plaintiff-appellee.