IN THE MATTER OF THE ARBITRATION BETWEEN UNITED PUBLIC WORKERS, AFSCME, Local 646, AFL-CIO, Union-Appellant, and
STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY, WCCC (Griev. of Cherene Makua re: whether Makua resigned for failing to return to work 15 days after 1 year LWOP); Sec. 1, 11, 14, 38, 58; EA-06-09 (2006-031), Employer-Appellee
No. 28858
Intermediate Court of Appeals of Hawaii.
January 27, 2009.
Herbert Takahashi Rebecca L. Covert (Takahashi Vasconcellos & Covert) for Union-Appellant.
James E. Halvorson David Fitzpatrick Deputy Attorneys General for Employer-Appellee.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA and FUJISE, JJ.)
Union-Appellant United Public Workers, AFSCME, Local 64 6, AFL-CIO (Union or UPW) appeals from the Judgment filed on October 23, 2007 and the post-judgment Order Denying Union's Motion for Relief from Judgment, Assessment of Interest on Back Pay, and Attorney's Fees and Costs (Post-Judgment Order) filed on January 16, 2008 in the Circuit Court of the First Circuit (circuit court).[1]
The circuit court entered the Judgment pursuant to an "Order Granting in Part and Denying in Part [UPW's] Motion to Confirm and to Enforce Arbitration Decision and Award Dated August 29, 2007, Filed August 31, 2007," filed on October 23, 2007.
On appeal, UPW argues that the circuit court (1) erred in construing Hawaii Revised Statutes (HRS) § 658A-25(c) (Supp. 2007)[2] as prohibiting an award of attorneys' fees in this case and (2) abused its discretion in denying interest on the back pay and benefits that Employer-Appellee State of Hawaii, Department of Public Safety, WCCC (State) did not immediately pay as required by the August 29, 2007 Arbitration Decision and Award. UPW asks this court to reverse the Judgment and Post-Judgment Order.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve UPW's points of error as follows:
(1) The circuit court did not err by denying UPW's request for attorney's fees under HRS § 658A-25(c). In re Arbitration Between United Public Workers, AFSCME, Local 646, AFL-CIO and City & County of Honolulu, 119 Hawai'i 201, 208-10, 194 P.3d 1163, 1170-72 (App. 2008).
(2) The circuit court did not abuse its discretion in denying interest on the back pay and benefits. "[I]t is well established that the State's liability is limited by its sovereign immunity, except where there has been a `clear relinquishment' of immunity and the State has consented to be sued." Taylor-Rice v. State, 105 Hawai`i 104, 109, 94 P.3d 659, 664 (2004) (quoting Bush v. Watson, 81 Hawai`i 474, 481, 918 P.2d 1130, 1137, reconsideration denied, 82 Hawai`i 156, 920 P.2d 370 (1996), cert. denied, 519 U.S. 1149 (1997) ("[T]he sovereign state is immune from suit for money damages, except where there has been a `clear relinquishment' of immunity and the State has consented to be sued.")).
UPW contends that the State "clearly relinquished" its immunity because the underlying action is in the nature of assumpsit and post-judgment interest, therefore, accrues pursuant to HRS § 478-3 (1993). Chun v. Bd. of Trs. of the Employees' Ret. Sys. of the State of Hawai'i, 106 Hawai'i 416, 432, 106 P.3d 339, 355 (2005) ("[T]he State has clearly relinquished its immunity from suit as to `[a]ll claims against the State founded upon any contract, express or implied, with the State [.] `" (ellipsis omitted) (quoting Fought & Co., Inc. v. Steel Engineering & Erection, Inc., 87 Hawai`i 37, 55, 951 P.2d 487, 505 (1998)). Assuming that the underlying dispute is founded upon contract as UPW contends, we must still consider the full scope of the State's waiver. See Chun, 106 Hawai`i at 432, 106 P.3d at 355.
"In determining the extent to which the State has waived its immunity, [the Hawai`i Supreme Court] has stated that federal immunity principles are relevant to our own principles of sovereign immunity." Id. (ellipsis omitted) (quoting Taylor-Rice, 105 Hawai'i at 110, 94 P.3d at 665).
Specifically regarding interest on damages, federal courts have noted that "interest cannot be recovered in a suit against the Government in the absence of an express waiver of sovereign immunity from an award of interest." United States v. Aisenberg, 358 F.3d 1327, 1345 (11th Cir. 2004) (citations omitted); see also United States v. $277,000 U.S. Currency, 69 F.3d 1491, 1493 (9th Cir. 1995). Moreover,

[t]here can be no con sent by implication or by use of ambiguous language. Nor can an intent on the part of the framers of a statute . . . to permit the recovery of interest suffice where the intent is not translated into affirmative statutory . . . terms. The consent necessary to waive the traditional immunity must be express, and it must be strictly construed.

Spawn v. W. Bank-Westheimer, 989 F.2d 830, 834 (5th Cir.) (citation omitted), reh'g denied, 989 F.2d 830 (1993), cert. denied, 510 U.S. 1109, 114 S. Ct. 1048, 127 L. Ed. 2d 371 (1994). Additionally, "a general waiver of immunity to suit[]" does not constitute an express waiver of immunity from an award of interest. Id. at 833 (citation omitted); see also Larson v. United States, 274 F.3d 643, 645 (1st Cir. 2001).
Taylor-Rice, 105 Hawai`i at 110, 94 P. 3d at 665 (emphases added) (brackets in original). We also noted that "HRS § 478-3 does not apply to the State," Taylor-Rice, 105 Hawai'i at 111, 94 P.3d at 666 (emphasis added), quoting Littleton v. State, 6 Haw. App. 70, 708 P.2d 829, aff'd, 68 Haw. 220, 708 P.2d 824 (1985), with approval as follows:
["I]t is a general principle of law that statutory laws of general application are not applicable to the State unless the legislature in the enactment of such laws made them explicitly applicable to the State. [" Big Island Small Ranchers Ass'n v. State, 60 Haw. 228, 236, 588 P.2d 430, 436 (1978) (quoting A.C. Chock, Ltd. v. Kaneshiro, 51 Haw. 87, 89, 451 P.2d 809, 811 (1969)).] Here, HRS § 478-[3] is a statute of general application and there is nothing making it explicitly applicable to the State.

Taylor-Rice, 105 Hawai'i at 111, 94 P. 3d at 666 (quoting Littleton, 6 Haw. App. at 73, 708 P.2d at 831-32) (some emphases added and some in original) (footnotes omitted).
Chun, 106 Hawai'i at 433, 106 P.3d at 356.
As to pre-judgment interest, specifically, the Hawai`i Supreme Court has held that "`the State shall not be liable for interest prior to judgment.' This constitutes a plain reservation of immunity with respect to pre-judgment interest on judgments rendered against the State." Taylor-Rice, 105 Hawai`i at 111, 94 P.3d at 666 (quoting HRS § 662-2 (1993)). HRS § 661-8 (1993) prohibits the award of pre-judgment interest unless a contract with the State expressly stipulates for the payment of interest. As to post-judgment interest, the supreme court has stated that "HRS § 478-3 [1993] does not expressly waive the State's immunity from postjudgment interest." Chun, 106 Hawai`i at 433, 106 P.3d at 356.
Where the State did not expressly or statutorily waive its sovereign immunity from awards of pre- and post-judgment interest, we hold that the circuit court did not abuse its discretion in denying UPW interest on the back pay and benefits.
Therefore,
The Judgment filed on October 23, 2007 and the Order Denying Union's Motion for Relief from Judgment, Assessment of Interest on Back Pay, and Attorney's Fees and Costs filed on January 16, 2008 in the Circuit Court of the First Circuit are affirmed.
NOTES
[1] The Honorable Gary W.B. Chang presided.
[2] HRS § 658A-25(c) provides:

§658A-25 Judgment on award; attorney's fees and litigation expenses.
. . . . .
(c) On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.